# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BERNICE MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0379-WS-N |
| | ) |
| HSBC BANK USA, NA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This newly filed civil matter comes before the Court *sua sponte* on preliminary review.

Plaintiff Bernice Muhammad, proceeding *pro se*, is no stranger to federal court. Over the last 11 years, she has filed six civil actions in this District Court, most of them directed at HSBC Bank USA, Option One Mortgage Corporation, and various other persons and entities. In her latest Complaint, filed on August 22, 2017 and for which she paid the requisite $400 filing fee, Muhammad names approximately 20 defendants, including HSBC Bank, Option One, the law firm of Sirote & Permutt, P.C., four individual attorneys, the 13th Judicial Circuit Court and all of its judges as well as various clerk's office officials, "Alabama Administrative of Court an its Chief Justice [*sic*]," Monroe County Judge George Elbrecht, and the Mobile County Sheriff's Office, Sheriff Sam Cochran, and multiple identified and unidentified deputies.

Because Muhammad is proceeding *pro se*, her Complaint must be construed liberally. That does not mean, however, that the Federal Rules of Civil Procedure may be casually disregarded or flouted. On its face, Muhammad's Complaint suffers from multiple serious defects. It does not satisfy the requirement of Rule 8(a)(2) that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It is a textbook example of a shotgun pleading that fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Simply put, this pleading is not presented in a manner reasonably calculated to enable the myriad named defendants to discern what Muhammad is claiming, which facts go with that claim, how to fashion a responsive pleading, or even whether any plausible claims have been raised at all.

A few examples of the wide-ranging defects afflicting this Complaint will illustrate the point. Multiple defendants appear either not to have been addressed in the body of the Complaint at all, or to have been given only the barest of mention therein, such that they cannot reasonably determine from this document what (if anything) Muhammad is claiming about them, or even why they are being sued. For other defendants, Muhammad appears to be complaining about events occurring in 2010 or even earlier, which would appear to run afoul of governing limitations periods by a wide margin. *See, e.g., McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (constitutional claims brought in Alabama under 42 U.S.C. § 1983 are subject to a two-year limitations period); Alabama Code § 6-2-38(*l*) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). Nowhere in her Complaint does Muhammad specify what claims she is bringing against which defendants; instead, her pleading is a rambling 11-page document alleging various temporally and logically disconnected wrongs, most of which purportedly occurred many years ago.

To allow this action to proceed as pleaded in the Complaint would be to invite chaos and confusion. This Court will not do so. Accordingly, Muhammad is **ordered** to file an Amended Complaint on or before **September 13, 2017** that corrects the aforementioned deficiencies. Again, plaintiff is responsible for identifying adequate facts connected to clear and specific claims and to particular defendants. Her pleading must satisfy the Rule 8(a)(2) "short and plain statement" requirement, must give each defendant fair notice of what claims are being brought in sufficient detail to enable that defendant to obtain a fair idea of what the plaintiff is complaining, and what the legal basis for recovery might be. The Court notes that plaintiff Muhammad has previously been given similar instructions in other civil actions she has filed in this District Court, but has failed and refused to comply. *See, e.g., Bernice Muhammad v. HSBC Bank USA, NA*, Civil Action 13-0617-WS-M. In light of this history and her *pro se* status, Muhammad is cautioned that if she does not comply with this Order in a timely manner by filing an Amended Complaint that satisfies Rule 8(a)(2) and otherwise addresses the deficiencies set forth herein, this action may be summarily dismissed.

DONE and ORDERED this 23rd day of August, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE