# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
### FOR MOBILE COUNTY, ALABAMA

BERNICE  MUHAMMAD

CIVIL ACTION NO.: 17-00379-KD-N

Plaintiff Pro se

PLAINTIFF RESPONSE

-Against-

13TH JUDICIAL CIRCUIT COURT
HON. JUDGE ROBERT H. SMITH
HON. JUDGE RICK STOUT
HON. JUDGE SARAH H.STEWART
HON. JUDGE MICHAEL YOUNGPETER
IN THEIR CAPACITY

13TH JUDICIAL CIRCUIT COURT
IN MOBILE COUNTY ITS JUDGES,
PRESIDING JUDGE CHARLES A. GRADDICK
CLERK JOJO SCHWARZAUER
DEPUTY CLERK CHARLES M. LEWIS, JR
ASST. CLERK CAROLYN CARTER, IN
THEIR CAPACITY,

ALABAMA ADMINISTRATIVE OF COURT
AN ITS CHIEF JUSTICE

HON. GEORGE K. ELBRECHT
DISTRICT COURT JUDGE
MONROE COUNTY, ALABAMA

Defendant's.

FILED NOV 1 '17 PM 12:46 USDC ALS

## MEMORANDUM OF LAW
## IN SUPPORT OF OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS

Plaintiff Bernice Muhammad respectfully responds in this purpose **Memorandum**

of **Law** to provide guidance to the **Jurisdiction of Alabama Judicial And it's Duties,** under

the **United States Constitution An It's Amendments ("The Amendments").** Under the plain

meaning of the Fourth, Fifth, Fourteenth Amendment that **Protection** does exists for Plaintiff

Bernice Muhammad, whom is trying to get the protection, so needed in stopping these

violation's, in which are clear allegations. I hope this **memorandum** will assist this Federal

District Court in Mobile County, Alabama, namely the Federal Jurisdiction in this said

Complaint, and matter under existing Federal Law. Plaintiff submits this **Memorandum Of**

**Law.**

### DUE PROCESS VIOLATION

¶**1,** Under both the Fifth and Fourteenth Amendments to the U.S. Constitution, neither

the Federal Government nor State Government may deprive any person **"of life, liberty, or**

**property without due process of law."** A similar due process provision was found in the

Magna Charta, as well as early State Constitution. Chief Justice William Howard Taft

explained the purpose behind the clauses in Truax v. Corrigan (1921) as follows: "The due

process clause requires that every man shall have the protection of his day in court, and the

benefit of the general law, a law which hears before it condemns, which proceeds not arbitrarily

or capriciously, but upon inquiry, and renders judgment only after trial, so that every citizen

shall hold his life, liberty, property and immunities under the protection of the general rules

which govern society. It, of course, tends to secure equality of law in the sense that it makes a required minimum of protection for every one's right of life, liberty, and property, which the Congress or the Legislature may not withhold." Courts have interpreted the due process clauses as providing two distinct limitations on government. First, the clauses provide for procedural due process, which requires the government to follow certain procedures before it deprives a person of life, liberty, or property. Cases that address procedural due process usually focus on the type of notice that is required of the government or the type of hearing that must be held when the government takes a particular action. Second, the clauses establish substantive due process, under which Courts determine whether the government has sufficient justification for its actions. Because Courts use substantive due process to protect certain fundamental rights of U.S. Citizens, issues related to substantive due process have been the subject of extensive debate, as here.

## I. Background

¶2  On February 3rd, 2010, Plaintiff Bernice Muhammad, Filed in the 13th, Judicial Circuit Of Mobile County, Alabama for a **Motion In Verified Complaint For** *Temporary Restraining Order, Or In The Alternative Preliminary Injunction.* This Complaint is to Defendants ***HSBC Bank USA, N.A. As Trustee For Merrill Lynch Mortgage Investors, Inc. Mortgage Loan Asset-Backed Certificates, Series 2002-HE1,*** to stop the Foreclosure set for February 4th, 2010, of Plaintiff's Home. On February 3, 2010, **Hon. Judge Rick Stout, Circuit Court of Mobile County,** was confronted with an application for a **Temporary Restraining Order,** and did immediately set out an Order to the Defendant's on the very same day as to the TRO, all so Plaintiff, was order by the Judge Stout, to submit the Complaint to the Clerk's

Office and to fax the Complaint to the Defendant's because he ("Judge Stout") was setting the hearing for February 11th, 2010. The Order' by Hon. Judge Stout for this hearing, is sent out on February 3rd, & 4th, 2010. **See Exhibit (A) (B).** Also, on the phone with the Plaintiff' Muhammad, while in Judge Stout Chamber's, was the Hon. Attorney Creola G. Ruffin (RUF003), licensed to practice law in the State Of Alabama. Attorney Ruffin, heard Judge Stout to his Clerk, "Call these attorneys on this case and tell them that a TRO has been issued and a hearing will be set for February 11, 2010 for the injunction." **See Exhibit (C).**

On February 4th, 2010, the Defendant's Foreclosed over the Order to **cease and desist order.** <u>Walker</u> violated an issued "TRO Injunction." **See *Walker v. City of Birmingham.*** On February 5th, 2010, the Defendant's filed Motion to Dismiss the Complaint; on February 8th, 2010, Hon. Judge Stewart issued two Order's, **(1). Transferring** the already ruled on Case to **Judge Stout's Docket,** the Clerk of the Court, was told in this Order to make the necessary changes to reflect this transfer. Plaintiff' was told on February 3rd, 2010, by the Clerk that the "Case had to go to Judge Stout's docket, because **Judge Stout** is the only Judge open, at this time to grant the **TRO,** for **Judge Stewart** was in **Trial." (2).** On February 8th, **Judge Stewart,** yet again issued an Order stating "This Case has been transferred to **Judge Stout's docket by Agreement between the undersigned and Judge Stout. Defendant's will need to notify Judge Stout of the pendency (noun) of this Motion so that he may set it for hearing."** The Case on **Docket,** show the Case was assigned to Judge Stout, on February 9th, 2010. **See Order's Exhibit (B)**

¶3. This above actions, by these two 13th Judicial Circuit Court Judges, are in **"the clear absence of all jurisdiction." See Stump v. Sparkman, (1978) United States Supreme Court.** The crucial issue here is, whether the Circuit Court Judges acted within their **Jurisdiction,** that the two Judges has not, accordingly are not **"Immune from Damages Liability, they have forfeited their Immune,** This is, **"because of their failure to comply with the elementary principles of procedural due process."** In Judge Stewart's Order's of February, 8[th], 2010, does indicates, that both Judges is without **Jurisdiction** to entertain the **"pendency"** to continue, an in doing so, would deprive the Plaintiff Muhammad of Due Process of the Law, and State and Federal Constitution. Therefore, the Motion to Dismiss by the Defendants, states "it Foreclosed on February 4th, 2010". over a State Order by a State Circuit Judge issued **"TRO INJUNCTION."**

¶4. On on February 11th, 2010, when presented with the Defendants Motion, the Circuit Court Judge should have deny the Motion on the Merits, the Defendant's had disobeyed a Judge's Order, therein Sanctions should have been the Order, for disobeying the law. The next act by Hon. Judge Stout, was not of Judicial Act because it was not placed on file with the Clerks Office, and was approved in an ex parte setting without notice to Plaintiff. By law, and Rule of Statute, Judge Stout is not in his capacity as a 13th Circuit Court Judge, Plaintiff will argue, that the informality with which Judge Stout proceeded rendered Judge Stout and his actions **"Nonjudicial" on** Absolute or Judicial Immunity. On February 11th, 2010, the day of the hearing of the **Preliminary Injunction, at** issue. Judge Rick Stout, on February 11th, 2010, did not appear in his Courtroom, Plaintiff and Witness, was told by the Court Officer "to go next door to that Courtroom" this Courtroom is **Hon. Michael A. Youngpeter.**

¶5.  Hon. Judge Michael A. Youngpeter, a Judge whose "Subject-Matter Jurisdiction" was lacking before February 11, 2010, and lost all  immunity when Judge Youngpeter dismisses the **"Preliminary Injunction"** based on information in a Case, in which he was not familiar with, not by Ala. R. Civ. P., Rule 63, an law; but  acted in **"complete absence of Personal-subject -matter jurisdiction."** Therefore, Judge Youngpeter was not certify with familiarity of the record to determining that the proceedings, in the Case could not be completed without  being prejudice to one of the parties, et al. There were no proper notice to the Plaintiff Muhammad, Judge Youngpeter, was never **"Transferred",** this Civil Case No.: 2010-000160. Judge Youngpeter, nor the 13 Judicial Circuit Circuit Clerk's Office, acted in accordance with the orders and rules of the Administrative Court, an the Alabama Rules of Civil Procedure Rule 77(b) (c) (d) on February 11th, 2010; that would provide original jurisdiction, after February 4th, 2010, the Courts Judges an their conduct in remarks,  incur the suspicion that they are biased, also when it is common knowledge that the Defendants HSBC Bank "Bank" had violated the "TRO" and these actions could now are up to a **("Appellate Review")** for disobeying this Court Order. Judge Stout, had knowledge of the Plaintiff Muhammad, and Defendant's HSBC Bank USA, N.A., as Trustee for Trust 2002-HE1,  for Judge Stout had dismissed Civil Case No.: 09-000149 WITH PREJUDICE on June 16, 2009, and now the plain language of the law itself- solely would requires these two Judges to uphold the law. See **Exhibit (D).**

> **Canon 3.C. (1), Alabama Canons of Judicial Ethics, governs when a trial Judge is required to recuse himself or herself from presiding over a case. The Canon states, in pertinent part:**

A Judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:

"(a)  He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

¶6. The Alabama Supreme Court has stated the following concerning Canon 3. C. (1): Canon 3(C) test is: ' Would a person of ordinary prudence in the judge's position knowing all of the facts know to the judge find that there is a reasonable basis for questioning the Judge's impartiality?' **Matter of Sheffield, 456 So. 2d 350 (Ala. 1984).** The question is not whether the Judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the Judge's impartiality—whether there is the appearance of impropriety. Id. See Ex parte Baloqun, 516 So. 2d 606 (Ala. 1987); see, also, Hall v. Small Business Administration, 695 F. 2d 175 (5th Cir. 1983) ." See Ex parte Fowler, 863 So. 2d 1136, 1138-40 (Ala. Crim. App. 2001), **See Also** "The United States Code includes a statute similar to Canon 3. C. (1), which defines when a judge must recuse from a case. **See** 28 U.S.C. § 455 section (a) (b), this holds that **due process requires the Judge to recuse him or herself, even if the Judges  financial interest in the litigation did not in fact influence his decision.**

¶7. These above actions, violated the Alabama Administration of Courts Rules, governing practice and procedure in all Federal an Alabama Courts; and provided, that such rules shall not "abridge, enlarge, or modify the substantive right of any party nor affect the Jurisdiction of the Circuit and District Court or venue of actions therein; an it provided further, that the right trial by jury as at common law and declared by Section 11 of the Constitution of

Alabama of 1901 shall be preserved to the parties inviolate."

¶8. Judges Stout, Judge Stewart, an Judge Youngpeter were outside the authority of Jurisdiction, as to the State of Alabama Judicial Rules, an not under the restrictions and regulations as are prescribed by law. No weight can be given to the decision of Judge Stout, Judge Stewart, or Judge Youngpeter, not upon the facts, no evidence was taken orally before the Judges; therein were the Supreme Court of Alabama, shall wight the evidence and give judgment as it deems just, to the Violation's of a Court Order issued on February 3rd, 2010, by a Circuit Court Judge. The "possible temptation" that prohibited the Judges from deciding Cases CV-2009-000149, CV-2010-000160, CV-2010-901795, its because the manner was not consistent with due process. Accordingly, the remedy that due process required was that the Judges disqualify themselves from hearing these Cases.

¶9. Judge Stout, an Judge Youngpeter, consistently applied no laws. These are essentially two areas in which the Judge's interest in a particular Case is so substantial that recusal is required: (1) where a judge would be unlikely to be able to decide a Case fairly based on his relationship to one of the parties; or (2) where the threat of impartiality exists because the judges has a direct interest in a particular outcome of the Case. The U.S. Supreme Court examined a relationship between a Judge and a litigant required recusal in **Murchison,** 349 U.S. 133 (1955). Due Process is violated where a single Judge both "act[s] as a grand jury and then tr[ies] the very persons accused as a result of his investigations. Judge Stout, conduct is based on an formed on the relationship between Judge Stout and Defendants Attorney's, in which required recusal. Now Judge Youngpeter, Contradicting Order on March 1st, 2010, some twenty one (21) days later. This Order by Judge Youngpeter clearly show the Plaintiff had filed

on February 3rd, 2010, seeking a (Temporary Restraining Order and Injunction against the Defendants. Judge Youngpeter is now the Judge in the  Defendants filed Case "CV-2010-901795", the next case that considered judicial bias against Defendant Muhammad, in short, due process required recusal because of prior history between the Judges, also Defendant's and Plaintiff's. This diminish Judge Youngpeter's ability to decide the Case fairly. This is all designed to harass the Plaintiff Muhammad. **See Judge Youngpeter Order, issued on March 1, 2010, Exhibit (E)**

¶10. Therefore, on December 3rd, 2010, Plaintiff -Defendant Bernice Muhammad, addressed recusal of the **13th, Judicial Circuit Court and Its Judge's.**  Plaintiff -Defendant stated in the Motion that "Judges and Clerk's" are **Constitutionally** required to **Disqualify Themselves** from presiding over Case CV-2010-000160, were Contempt proceeding should have been brought against the Defendant's HSBC Bank USA, N.A., as Trustee. Where these Defendant's has shown **("Disobedience to an Order, an Disobeying that Order")** and the Judges **("Intemperate actions")** Concerning a filed Complaint for a **("COMPLAINT FOR TEMPORARY RESTRAINING ORDER OR IN THE ALTERNATIVE PRELIMINARY  INJUNCTION.").** The Alabama Supreme Court has explained that **" statements made and actions conducted in judicial proceedings require recusal when, they display a deep-seated favoritism or antagonism that would make fair judgment impossible."** Monsanto, 862 So. 2d at 606 n. 11 (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).  **See Order for Disqualification as Exhibit (F)**

¶11. On December 5th, the Presiding 13th Judicial Circuit Judge, the Hon. Charles A. Graddick, in Case **CV-2010-901795**, issued the Order of Disqualification, of the **13th, Judicial**

**Circuit Court and its Judges. See Exhibit ( G).**

¶12. On December 14th, 2010, the Chief Justice, the Administrative of the Alabama Supreme Court, at this time, the <u>Hon. **SUE BELL COBB,**</u> issued an Order Affirming the 13th Judicial Circuit Order, by the Presiding Judge the Hon. Charles A. Graddick. In other ward's, recusal was required in Cases, CV-2010-000160, in which is the heading (caption); on page eight (8) is where case CV-2010-901795 appear. On September 13, 2011, there was an issued Order, on the Motion by Plaintiff Muhammad made on December 3rd, 2010, for the **<u>Disqualification An Recusal</u>** of the 13th Judicial Circuit Court and its Judges. The statements made by the three Circuit Court Judge's, and their associated course of conduct, help to satisfy the Alabama Supreme Court Chief Justice the Hon. SUE BELL COBB to issue the **<u>Administrative Order, By The Authority Of Chief Justices</u>** See Exhibit (H)

¶13. As administrative head of the Unified Judicial System, has a Constitutional and statutory obligation to provide guidance to the Court an Judges in Alabama State. Their administrative responsibilities, under the above Orders, are in their capacity as Chief Justices, authorized and empowered to act. In this, Chief Justice Cobb Order, and Chief Justice Charles R. Malone, sew in the these two cases, that 13th Judicial Circuit and Judges have created a "situation adversely affecting the administration of justice within the State" in which requires the Chief Justice to take action for the orderly administration of justice within the 13th, Judicial Circuit. See **Exhibit (H)**

---

**"The chief justice of the supreme court shall be the administrative head of the judicial system." Art. VI, § 149, Ala. Const. 1901.**

"The 13th Judicial Circuit and Judges are part of Alabama's unified judicial system. Art. VI, Section 149, Constitution of Alabama 1901.

## Analysis

**A.** The 13th, Judicial Circuit and Judges are bound by the Orders of the Chief Justices issued to them and the Plaintiff's and Defendant's are also under this constitutional and statutory obligation to obeying these Order's. This is the administrative head of the judicial system, **Art. VI, § 149, Ala. Const. 1901.**

**B.** The last remaining question is; to determining whether Alabama 13 Judicial Circuit Court, of Mobile County, Alabama, and the Assigned Judge, by the Chief Justices, the Hon. District Court Judge George Elbrecht are all bound by executive powers and Order's issued by the Chief Justices of the Alabama Supreme Court, pursuant to Article VI, Section 149, of the Constitution of Alabama 1901, as amended. Having determined based on the Administrative Authority of the Chief Justice, head of the Unified Judicial System, therein, provide the guidance to obeying the administrative Order.

**C.** The claims of civil rights violation under 42 U.S.C. § 1983, is connected to facts in the complaint. The request for an emergency injunction, is accompanied by a motion for a "Temporary Restraining Order or in the Alternative Preliminary Injunction." **See Rule 65 (a)** (b), Fed. R. Civ. P., See Alabama Rule 65 (a), Ala. R. Civ. P., The request for Sanctions relies upon a generalized claim of "willful refusal to comply with Federal an State Rule 65 (a) (b), issued Order to the Defendants. Also the Assigned Judge Elbrecht fails to comply with the specify Order's by the Alabama Chief Justices COBB & MALONE; in which the Assigned Judge was obliged to comply to the Order's, and view the violations of

"**Jurisdiction**" even if the assigned (Judge) appears to have had subject matter jurisdiction, subject matter jurisdiction can be lost, when truth is found. When the rules of the Circuit Court are not complied, and the Circuit Court has **RECUSE THEMSELVES,** this 13th, Judicial Circuit Court lack Personal-Subject -Matter Jurisdiction.

¶14.   The above allegations are true, and raises a claim of entitlement to relief. But in the Defendant's Motion to dismiss, Plaintiff has been hard pressed to find the Rule of Law on " Shotgun Pleading" in the Plaintiff Complaint. The facts are excessive in number, in which is clearly organization, it is the Order in which show "lack of jurisdiction, violations of the federal and state constitution, violation's of their duty's as Judicial Officer's. The Alabama Supreme Court Chief Justices, did see the actions in the two cases, as being unconstitutional pursuant to the Equal Protection and Due Process Clauses of the Fourteenth Amendment. It is identified with specificity in the Chief Justices Orders, of December 14[th], 2010, and September 13, 2011.

## SUMMARY OF THE LAW OF VOIDS

¶15.   Before a Court (Judge) can proceed judicially, jurisdiction must be complete consisting of two opposing parties (not their attorneys-although attorney's can enter an appearance on  behalf of a party, only the parties can testify an until the Plaintiff testifies the court has no basis upon which to rule judicially), and the two halves of subject matter jurisdiction = the statutory or common law authority the action is brought under (the theory of indemnity). "Lack of jurisdiction cannot be corrected by an order nunc pro tunc. The only proper office of a nunc pro tunc order is to correct a mistake in the records; it cannot be used to rewrite history." The 13th Judicial Circuit Court Clerk Docket, is once more a contradiction in

these two Cases by the Court's Clerk "JOJO SCHWARZAUER" and is not satisfying the appearance of Justice.

¶16.  The Alabama Rules of Judicial Administration Rule 4 (B) (C) "Duties of Clerk. The Clerk of the 13th Judicial Circuit has **"Tampered" with** the Docket Records. The Court documents today, in the Docket in which are the Clerk's office, suggest the records has been Tempered with. The tempering of the Docket's are intentional Changed by the Circuit Clerk, in which were not to be in the  Clerk's control, this two is done without legitimate authority to the Records. The Order's by the Chief Justices, gives the 13th, Judicial Circuit Clerk their Order's, and were not obeyed, and therefore, is in violation's of the Order's, there deny' the Plaintiff Muhammad Due Process Rights under the Fifth and Fourteenth Amendments, which promise that no Citizen will be deprived of life, liberty, or property without the opportunity to first defend him or herself, including the right to a fair trial, to be present at one's trail, to be allowed to present testimony and to present evidence to counter the opposing side's Case. **See the Chief Justice's Order's to the Circuit Court Clerk. Exhibit ( H)**

¶17.  The **Procedural due process,** the 13th, Judicial Circuit Court Clerk, has in the Docket in CV-2010-901795, hearings, in which the Plaintiff has no notification of. An actions of Motion, in which never has been before a Judge. All in violations, of the Order's by the Chief Justices. The 13th Judicial Circuit Court Clerk, has no authority to ignore the internal structure of the Order's to the 13th Judicial Circuit Court Clerk an Judges.

## THE INTERPRETATION OF THE CHIEF JUSTICES ORDER'S

¶18. The federal Court in Mobile, the Defendant's say "has no Jurisdiction in any of these said above Matter's." Plaintiff say the Defendants or wrong; the Defendants has no Jurisdiction to act as a Court, in which Jurisdiction has not been restored to its former status position on the Plaintiff as its Jurisdiction. There has been no Remand back to the 13th Judicial Circuit Court, in Mobile County, Alabama. The 13th Judicial Circuit is in violation's of the Federal an State Constitution, in which the Administrative Head of the Unified Judicial System are acting in violation of their own Order's. By doing not the duties of the Administrative Head, is in itself a violation's of Plaintiff's "Due Process Rights Under The Fourteenth Amendment."

¶19. The Alabama Chief Justice Hon. Roy Moore, and the Hon. Lyn Stuart, ignores all request for the **"Interpretation"** of the Order's by former Administrative Head "Hon. Chief Justice Sue Bell Cobb, and the Hon. Chief Justice Charles R. Malone; in CV-2010-000160-CV-2010-901795" of The "Blanket Disqualification of the 13th, Judicial Circuit Court, for the appointments of Judges and Clerks, in which the Order's did make clear. Assigned Judge Hon. George K. Elbrecht, moved without Jurisdiction, and Lacked Personal-Subject Matter Jurisdiction, no Authority to hear the Case, Judge Elbrecht did not do, what Judge Stout did not do, to undo the Foreclosure, an issue Sanction for Disobedience to a Court Order, done by the Defendant's HSBC Bank; to a Temporary Restraining Order Or In The Alternative Preliminary Injunction. **See the** February 3rd **2010, Complaint to the 13th, Judicial Circuit Court, as Exhibit (F )(I)**

¶20.   The 13th Judicial, is a **"Disqualified"** Circuit Court and its Judges has no Jurisdiction to try an Interpret the Administrative Order of the Chief Justice's. The Defendants cited no authority for the violations of the Administrative Order's by the Chief Justices, the Defendants are in violations of the Plaintiff's Rights to a fair and civil procedure that FOLLOWS the Rules under the United State Constitution, 14th Amendment. We all or aware, that following your own legislation Statutes, or very hard for some in the Judicial of The State of Alabama, but these acts are **"Arbitrary an Unreasonable."**

¶21.   The Motion to dismiss by the Defendant's, are improper because the Order's of the Alabama Chief Justice's must be **"Obeyed"** the Attorney General Of Alabama, argues, the Plaintiff Muhammad has disobeyed an Order in which Plaintiff has no knowledge of, but the "AG" Defend the Defendant's in their actions to the Federal & States Constitution, in which their acts has violate the United States Constitution, under the 14th Amendment, in which the "AG" and his Defendants are not **"acknowledging"** that their  actions were taken **"in the clear absence of all jurisdiction."** These Defendant's acts by law of the United States Supreme Court permitted **liability** only for acts taken **"in the clear absence of all jurisdiction"** therefore, ***"Judicial Immunity"*** has its liability, for all the Defendants acts were in **"clear** absence of all jurisdiction."See ***Stump v, Sparkman.*** The defendant's are in violations of an **"Administrative Executive Branch Order's"** for there is great distinguish and different between the 13th Judicial Circuit Court Order, and the Legislative, Executive Order and its functions.

¶22.   These arguments by the Defendants, have no effect on the Plaintiff Muhammad's Complaint. Because Plaintiff Muhammad's has "federal- law- issues, the questions has arisen whether the Judicial of Alabama is bound by the precedent established by the Supreme Court of the United States, to all issues as  Federal Law. The **"Interpretation"** of these **"Administrative Executive Order's"** the interpretation of the Alabama Administrative Executive Order's has not been interpret by the Alabama Administrative Court, when it is the Ordering Court. To not answer the Motion for **"Interpretation"** is **"Depriving"** a U.S. Citizens of **due process of law, an equal protection of the laws.** Therefore, under U.S. Jurisdiction, the State of Alabama Judicial Administrative Court, is denying the Plaintiff Muhammad of Federal Constitutional Rights.

¶23.   On the above reasons, Plaintiff Muhammad in the Complaint to this Federal District Court For The Southern District Of Alabama, that the ***Administrative Executive Order's,*** by ***Chief Justice Sue Bell Cobb An Chief Justice Charles R. Malone,*** has set their hand's as to the issues raised in Plaintiff Muhammad's Complaint, and Federal and State Constitution law, by in which requires Federal District Court and Federal Circuit rulings on the ***Questions*** of ***Jurisdiction An Interpretation Of By Federal Law.***

## Conclusion

¶24. In the 13th, Judicial Circuit Court Of Mobile County, Alabama and the Administrative Head of the Unified Judicial System, must fulfill its obligation to the Order's issued on February 3, 2010, and Order issued on December 5th, 2010, by the 13th, Judicial Circuit, all Order's issued on December 14th, 2010, also Order's issued on September 13th, 2011, by the Administrative Head of the Unified Judicial System of the State Of Alabama. Plaintiff Muhammad, for the purpose of the above **_MEMORANDUM,_** is to provide some guidance to this Federal District Court Of The Southern District Of Alabama, as to its Jurisdiction, and Constitution, Amendments, Common Law, and Statutory Obligation provide under the Constitution Of The United States Of America. For the reasons explained herein, Plaintiff respectfully requests this District Court deny Defendants' Motion to Dismiss.

Respectfully submitted

**/s/ Bernice Muhammad Plaintiff Pro se**
**255 Cherokee Street**
**I/C/O P.O. Box 763**
**Mobile, Alabama 36601-00763**

## CERTIFICATE OF SERVICE

I hereby certify that on October 30ʰ, 20017, filed the foregoing with the U.S. Postal

Service to the following Defendants Participants Attorney's, The Alabama Attorney General, an

Assistant Attorney General, postage prepaid, and properly addressed as follows:

### *ADDRESS TO ALABAMA ATTORNEY GENERAL*

*Office of the Attorney General*
*501 Washington Avenue*
*Montgomery, Alabama 36130-0152*

/s/ BERNICE MUHAMMAD
255 CHEROKEE STREET
I/C/O. P.O. BOX 763
MOBILE, ALA 36601-00763

DATE: MOBILE, ALA,
OCTOBER 29ᵗʰ, 2017

# EXHIBIT'S

"A"

| State of Alabama<br>Unified Judicial System<br><br>Form ARCIv-83   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>[C][V][ ][ ][ ] [ ][ ][ ][ ] [ ][ ]-[ ][ ]<br>Date of Filing            Judge Code:<br>[ ][ ] [ ][ ] [ ][ ][ ][ ]    [ ][ ][ ][ ][ ]<br>Month   Day   Year |
|---|---|---|

**GENERAL INFORMATION**

IN THE CIRCUIT COURT OF _____ MOBILE COUNTY _____, ALABAMA
(Name of County)

BERNICE MUHAMMAD _____ v. _____ HSBC BANK USA, NATIONAL ASSOC.

| First Plaintiff | **Plaintiff** | | First Defendant | **Defendant** | |
|---|---|---|---|---|---|
| | ☐ Business | ☑ Individual | | ☑ Business | ☐ Individual |
| | ☐ Government | ☐ Other | | ☐ Government | ☐ Other |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA  – Wrongful Death
☐ TONG  – Negligence: General
☐ TOMV  – Negligence: Motor Vehicle
☐ TOWA  – Wantonness
☐ TOPL  – Product Liability/AEMLD
☐ TOMM  – Malpractice-Medical
☐ TOLM  – Malpractice-Legal
☐ TOOM  – Malpractice-Other
☐ TBFM  – Fraud/Bad Faith/Misrepresentation
☐ TOXX  – Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE  – Personal Property
☐ TORE  – Real Property

**OTHER CIVIL FILINGS**
☐ ABAN  – Abandoned Automobile
☐ ACCT  – Account & Nonmortgage
☐ APAA  – Administrative Agency Appeal
☐ ADPA  – Administrative Procedure Act
☐ ANPS  – Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX  – Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT  – Civil Rights
☐ COND  – Condemnation/Eminent Domain/Right-of-Way
☐ CTMP  – Contempt of Court
☐ CONT  – Contract/Ejectment/Writ of Seizure
☐ TOCN  – Conversion
☑ EQND  – Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD  – Eviction Appeal/Unlawful Detainer
☐ FORJ  – Foreign Judgment
☐ FORF  – Fruits of Crime Forfeiture
☐ MSHC  – Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB  – Protection From Abuse
☐ FELA  – Railroad/Seaman (FELA)
☐ RPRO  – Real Property
☐ WTEG  – Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP  – Workers' Compensation
☐ CVXX  – Miscellaneous Circuit Civil Case

**ORIGIN** (check one):   F ☑ INITIAL FILING    A ☐ APPEAL FROM    O ☐ OTHER: _____
DISTRICT COURT
R ☐ REMANDED    T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?   ☐ YES ☑ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☐ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
[ ][ ][ ][ ][ ]    02/03/2010 _____    *Bernie Muhammad*
Date                Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☐ NO  ☑ UNDECIDED

**NOTICE OF**
**MORTGAGE FORECLOSURE SALE**

ALABAMA, MOBILE COUNTY

Default having been made in the indebtedness secured by that certain mortgage executed by Bernice Muhammad, a single woman to Option One Mortgage Corporation, A California Corporation, dated July 30, 2002, said mortgage being recorded in Book 5201, Page 1385, in the Office of the Judge of Probate of Mobile County, Alabama. Said Mortgage was last sold, assigned and transferred to HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc. Mortgage Loan Asset-Backed Certificates, Series 2002-HE1.

The undersigned, HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc. Mortgage Loan Asset-Backed Certificates, Series 2002-HE1, under and by virtue of the power of sale contained in said mortgage, will sell at public outcry to the highest bidder for cash before the courthouse door of Mobile County, Alabama, during the legal hours of sale, on February 4, 2010, the following real estate, situated in Mobile County, Alabama, to-wit:

That lot of land described as beginning at a point on the East line of Cherokee Street, 250 feet Southwardly from the South line of Government Street, measured along the East line of Cherokee Street, thence Southwardly along the East line of Cherokee Street 50 feet to a point for a front, thence Eastwardly at right angles to Cherokee Street 145 feet 3 inches to a point, thence Northwardly and parallel with Cherokee Street 104 feet, more or less, to a point; thence Southwestwardly on a line parallel with Government Street to the point of beginning. Also, that lot of land described as commencing at a point on the East side of Cherokee Street 270 feet Northwardly from the Northeast corner of Cherokee Street and LaSalle Avenue, running thence Northwardly on the East side of Cherokee Street 14 feet 3 inches to the South line of the property herein above described; thence Eastwardly along said South line 145 feet 3 inches to a point; thence Southwardly 14 feet 3 inches, thence Westwardly 145 feet 3 inches to the place of beginning. All of said measurements being more or less. Being the North 14 feet, 3 inches of Lot 67, Lee Place, as per plat recorded in Deed Book 132, N.S., Page 344. Being the same property described in Real Property Book 3997, Pages 0423-0424 as recorded in the office of the Judge of Probate, Mobile County, Alabama.

Said property is commonly known as **255 Cherokee Street, Mobile, AL 366061237**

The indebtedness secured by said Mortgage has been and is hereby declared due because of default under the terms of said Mortgage and Note, including but not limited to the nonpayment of the indebtedness as and when due. The indebtedness remaining in default, this sale will be made for the purpose of paying the same, all expenses of the sale, including attorney's fees and all other payments provided for under the terms of the Mortgage and Note.

Said property will be sold subject to the following items which may affect the title to said property: all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; any outstanding taxes, including but not limited to ad valorem taxes, which constitute liens upon said property; special assessments; all outstanding bills for public utilities which constitute liens upon said property; all restrictive covenants, easements, rights-of-way; the statutory right of redemption pursuant to Alabama law; and any other matters of record superior to said Mortgage. To the best of the knowledge and belief of the undersigned, the party in possession of the property is Bernice Muhammad or tenant(s).

**HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS, INC. MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2002-HE1**
as holder of said mortgage

military service, you must provide us with positive proof as to your military status.  **If you do not provide this information, we will assume that you are not entitled to protection under the above mentioned Act.**

This letter is an attempt to collect a debt and any information obtained by virtue of it will be used for that purpose.  All communication about this foreclosure must now be made through this law firm.  Your creditor will no longer accept any payments or communications from you.  For further information about this matter you may contact this office.

**BE GOVERNED ACCORDINGLY.**

Sincerely,

**JOHNSON & FREEDMAN, LLC**

*Joel A. Freedman*

Joel A. Freedman, Esq.

/KML
Enclosures
cc:      American Home Mortgage Servicing, Inc.

CVOD

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
CIVIL ACTION CASE NO.: CV-2009-

10 - 160

BERNICE MUHAMMAD

    Plaintiff

               vs.

HSBC BANK USA, NATIONAL ASSOCIATION as Trustee for MERRILL LYNCH
MORTGAGE INVESTORS, INC. MORTGAGE LOAN ASSET – BACKED
CERTIFICATES, SERIES 2002 - HEI

    Defendants

## COMPLAINT FOR TEMPORARY RESTRAINING ORDER
## OR IN THE ALTERNATIVE PRELIMINARY INJUNCTION

Comes now, the Plaintiff, Bernice Muhammad, and brings this Verified

Complaint and moves this Honorable Court for a Temporary Restraining Order, ordering

Defendants, HSBC Bank USA, National Association as Trustee for Merrill Lynch

Mortgage Investors, Inc., to cease any foreclosure action on the Plaintiff's homeplace

located at 255 Cherokee Street, Mobile, Alabama 36606 and shows unto this Court as

follows:

1.    On July 31, 2002, Plaintiff entered into a mortgage with Option One

      Mortgage Corporation. Said mortgage and note were subsequently

      assigned to American Home Mortgage Servicing, Inc. and later assigned

      to HSBC Bank USA, National Association as Trustee for Merrill Lynch

      Mortgage Investors, Inc. Mortgage Loan Asset – Backed Certificates,

      Series 2002 – HEI. Copies of the Mortgage and Note are attached hereto

      and marked as Exhibits A and B.

**Exhibit "A-11"**

2. Subsequently, Plaintiff filed for Chapter 13 Bankruptcy and for an automatic stay of the mortgage payments in 2003.

3. On August 11, 2003, Plaintiff entered an agreement with Option One Mortgage Corporation to satisfy the mortgage arrears on said property which was ratified by the Bankruptcy Court, as evidenced by Exhibit C.

4. Plaintiff paid in accordance with the agreement.

5. On July 15, 2004, a payment was returned to Plaintiff from Option One Mortgage Corporation citing that the corporation was released from stay (Exhibit D).

6. Option One Mortgage Corporation proceeded to foreclose and Plaintiff filed an emergency motion to enjoin Option One Mortgage Corporation from foreclosing or to dismiss the Chapter 13 Bankruptcy which was dismissed by Order of October 28, 2004 (Exhibit E).

7. In October 2005, Plaintiff and Defendant entered into an agreement after Hurricane Katrina to put all arrears to the back of the mortgage.

8. Plaintiff filed a new Chapter 13 Bankruptcy in November of 2004 whereby Creditor, Option One Mortgage Corporation was included.

9. Defendant filed a Statement of Pre-Petition Arrears dated November 12, 2004 as $14,900.47 to which the Plaintiff objected but the Court allowed the arrears as stated (Exhibit F).

10. Plaintiff and Defendant discussed a workout after Hurricane Katrina to place all mortgage arrears to the back of the mortgage.

11.   Defendant sent workout options to Plaintiff dated August 7, 2006 and Plaintiff answered with requested information on October 5, 2006 (Exhibit G).

12.   Plaintiff got no response from the Defendant and resubmitted information for workout options in 2007 (Exhibit H).

13.   On November 13, 2007, a statement of arrearages was submitted to Plaintiff to which she disputed (Exhibit I).

14.   On December 3, 2008, the Bankruptcy was dismissed (Exhibit J).

15.   Defendant notified Plaintiff by letter of January 2, 2009 that she owed a debt of $140,099.58 and could make a request in writing within thirty (30) days after the receipt of the notice that the validity of the debt was in dispute and the Defendant would provide verification of said debt to Plaintiff. A copy of the letter to collect the debt is attached hereto as Exhibit K.

16.   On January 14, 2009, Plaintiff made a written demand upon Defendant that she disputes the balance owed on her homeplace and requested a statement of the debt and all lawful charges as required by law. A copy of that demand is attached hereto as Exhibit L.

17.   Defendant received Plaintiff's demand for verification, but has failed to timely furnish a statement of the debt and all lawful charges. On February 4, 2010, Defendant accelerated the debt and foreclosure sale. A copy of the Notice of Acceleration and Foreclosure is attached hereto as Exhibit M.

18.  Publication of the foreclosure sale began January 14, 2010, January 17, 2010 and ended January 28, 2010.

19.  Plaintiff has contacted Defendant to resolve this matter and Defendants have failed and/or refused to respond to Plaintiff's request for an explanation of the debts owed.

20.  Continuation of the foreclosure at this time will irreparably harm Plaintiff because:

    (a)  There is a great likelihood that Plaintiff will prevail on the merits, since Defendants have failed to provide Plaintiff with the correct amount to reinstate the mortgage.

    (b)  The interest in protecting Plaintiff from irreparable harm caused by this defective foreclosure outweighs any interest Defendants may have in proceeding with the foreclosure until a hearing on the merits.

21.  As reflected in the attached notice, Plaintiff has notified Defendants of the setting of the Instant Motion for Temporary Restraining Order and has given their counsel an opportunity to be present.

WHEREFORE, Plaintiff prays the Court to take jurisdiction of this cause, and to fix and ascertain the sum of the debt and all lawful charges necessary to cure said debt, and the sum of all credits to be allowed to the Plaintiff, and for such other relief as may be proper.

Respectfully submitted on this 3rd day of February, 2010.

## VERIFICATION

_Bernice Muhammad_
BERNICE MUHAMMAD

STATE OF ALABAMA

COUNTY OF MOBILE

Before me, the undersigned, a Notary Public, in and for said State and County, personally appeared, BERNICE MUHAMMAD, whose name is signed to the foregoing Petition, who is known to me, acknowledged before me on this date, that she swears to the truth and accuracy of all of the factual allegations set out in said Petition.

Given under my hand and notarial seal on this the 3rd day of February 2010.

_Lwenna K. Allen_
NOTARY PUBLIC
My Commission Expires: _10/31/2013_



**ALABAMA SJIS CASE DETAIL**

**Company Name: Danette White**   **PREPARED FOR: Danette White**

County: **02**   Case Number: **CV-2010-000160.00** Court Action: **PROS.**

Style: **BERNICE MUHAMMAD VS HSBC BANK USA NATIONAL ASSOCIATION ETC**

`REAL TIME`

## Case Action Summary - CV201000016000

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 02/03/2010 | 4:17:34 | FILE | FILED THIS DATE: 02/03/2010        (AV01) | ANM |
| 02/03/2010 | 4:17:35 | TDMN | BENCH/NON-JURY TRIAL REQUESTED        (AV01) | ANM |
| 02/03/2010 | 4:17:36 | ASSJ | ASSIGNED TO JUDGE: SARAH HICKS STEWART        (AV01) | ANM |
| 02/03/2010 | 4:17:37 | EORD | E-ORDER FLAG SET TO "N"        (AV01) | ANM |
| 02/03/2010 | 4:17:38 | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | ANM |
| 02/03/2010 | 4:17:39 | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | ANM |
| 02/03/2010 | 4:17:40 | TRAC | CASE ASSIGNED TO: STANDARD   TRACK        (AV01) | ANM |
| 02/03/2010 | 4:17:41 | ORIG | ORIGIN: INITIAL FILING        (AV01) | ANM |
| 02/03/2010 | 4:17:42 | CACJ | CA JID COUNTY CHANGED TO MOBILE COUNTY        (AV01) | ANM |
| 02/04/2010 | 9:59:01 | C001 | C001 PARTY ADDED: MUHAMMAD BERNICE        (AV02) | KRH |
| 02/04/2010 | 9:59:02 | ATTY | LISTED AS ATTORNEY FOR C001: PRO SE        (AV02) | KRH |
| 02/04/2010 | 9:59:03 | EORD | C001 E-ORDER FLAG SET TO "N"        (AV02) | KRH |
| 02/04/2010 | 10:31:38 | D001 | D001 PARTY ADDED: HSBC BANK USA NATIONAL ASSOCIATI        (AV02) | KRH |
| 02/04/2010 | 10:31:39 | EORD | D001 E-ORDER FLAG SET TO "N"        (AV02) | KRH |
| 02/04/2010 | 2:16:45 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 2/4/2010 2:16:45 PM | JA |
| 02/04/2010 | 2:16:45 | ETXT | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & | AJA |
| 02/04/2010 | 2:17:23 | JEORDE | ORDER - TRANSMITTAL | RPS |
| 02/04/2010 | 2:17:23 | ETXT | ORDER - TRANSMITTAL | AJA |
| 02/04/2010 | 2:55:25 | DAT2 | SET FOR: TRIAL - BENCH ON 02/11/2010 AT 0200P | DIW |
| 02/04/2010 | 3:56:29 | D001 | D001 ADDR1 CHANGED FROM: MERRILL LYNCH MORTGAGE | KRH |
| 02/04/2010 | 3:56:30 | D001 | D001 ADDR2 CHANGED FROM: INVESTORS INC MORTGAGE | KRH |
| 02/04/2010 | 3:56:31 | D001 | D001 ADDR STATE CHANGED FROM: AL        (AV02) | KRH |
| 02/04/2010 | 3:57:20 | SUMM | CERTIFIED MAI ISSUED: 02/04/2010 TO D001   (AV02) | KRH |
| 02/05/2010 | 7:40:34 | SCAN | CASE SCANNED STATUS SET TO: Y        (AV01) | KRH |
| 02/05/2010 | 1:52:07 | EMOT | D001-MOTN TO DIS. PURS. TO RULE 12(B) FILED. | PRI044 |
| 02/05/2010 | 1:52:07 | ETXT | D001-MOTN TO DIS. PURS. TO RULE 12(B) FILED. | AJA |
| 02/05/2010 | 1:52:38 | EMOT | MOTION - TRANSMITTAL | PRI044 |
| 02/05/2010 | 1:52:38 | ETXT | MOTION - TRANSMITTAL | AJA |
| 02/05/2010 | 2:03:00 | EMOT | D001-MOTN TO DIS. PURS. TO RULE 12(B) /DOCKETED | DID |
| 02/05/2010 | 2:03:00 | ETXT | D001-MOTN TO DIS. PURS. TO RULE 12(B) /DOCKETED | AJA |
| 02/05/2010 | 2:05:15 | ATTY | LISTED AS ATTORNEY FOR D001: PRINCE JOHN RITCHIE | AJA |
| 02/05/2010 | 2:27:55 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 2/5/2010 2:27:55 PM | JA |
| 02/05/2010 | 2:27:55 | ETXT | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & | AJA |
| 02/05/2010 | 2:28:28 | JEORDE | ORDER - TRANSMITTAL | RPS |
| 02/05/2010 | 2:28:28 | ETXT | ORDER - TRANSMITTAL | AJA |
| 02/08/2010 | 1:26:15 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 2/8/2010 1:26:15 PM | J |
| 02/08/2010 | 1:26:15 | ETXT | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & | AJA |
| 02/08/2010 | 1:26:43 | JEORDE | ORDER - TRANSMITTAL | SHS |
| 02/08/2010 | 1:26:43 | ETXT | ORDER - TRANSMITTAL | AJA |
| 02/08/2010 | 1:29:04 | JEORDE | ORDER GENERATED FOR MOTN TO DIS. PURS. TO RULE 12(B) - RENDERED & ENTERED: 2/8/2010 1:29:03 PM - ORDER | J |
| 02/08/2010 | 1:29:04 | ETXT | ORDER GENERATED FOR MOTN TO DIS. PURS. TO RULE 12( | AJA |
| 02/08/2010 | 1:29:18 | JEORDE | ORDER - TRANSMITTAL | SHS |

| 02/08/2010 | 1:29:18 | ETXT | ORDER - TRANSMITTAL | AJA |
|---|---|---|---|---|
| 02/09/2010 | 8:17:48 | ASSJ | ASSIGNED TO JUDGE: RODERICK P. STOUT     (AV01) | NOC |
| 02/09/2010 | 8:17:49 | ASSJ | SPECIAL CHANGE          (AV01) | NOC |
| 02/23/2010 | 3:08:30 | SERC | SERVICE OF CERTIFIED MAI ON 02/08/2010 FOR D001 | AJA |
| 02/23/2010 | 4:55:15 | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 02/23/2010 | 4:55:15 | ETXT | SERVICE RETURN - TRANSMITTAL | AJA |
| 02/24/2010 | 7:24:40 | DAT2 | SET FOR: STATUS HEARING ON 03/28/2010 AT 1100A | NOC |
| 03/01/2010 | 11:23:56 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 3/1/2010 11:23:56 AM | J |
| 03/01/2010 | 11:23:56 | ETXT | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & | AJA |
| 03/01/2010 | 11:28:16 | JEORDE | ORDER - TRANSMITTAL | MAY |
| 03/01/2010 | 11:28:16 | ETXT | ORDER - TRANSMITTAL | AJA |
| 03/24/2010 | 2:33:05 | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | NOC |
| 03/24/2010 | 2:33:06 | STAT | CASE ASSIGNED STATUS OF: DISPOSED          (AV01) | NOC |
| 03/24/2010 | 2:33:07 | DISP | DISPOSED ON: 03/01/2010 BY (DISM W/O PREJ) (AV01) | NOC |
| 03/24/2010 | 2:33:08 | CACJ | COURT ACTION JUDGE: MICHAEL A YOUNGPETER   (AV01) | NOC |
| 03/24/2010 | 2:33:09 | PDIS | C001 DISPOSED BY (DISM W/O PREJ)  ON 03/01/2010 | NOC |
| 03/24/2010 | 2:33:10 | PDIS | D001 DISPOSED BY (DISM W/O PREJ)  ON 03/01/2010 | NOC |
| 07/21/2010 | 3:31:54 | EMOT | C001-OTHER - NEWLY DISCOVERED EVIDENCE ETC FILED ON 7/19/2010. | CAC |
| 07/21/2010 | 3:31:54 | ETXT | C001-OTHER - NEWLY DISCOVERED EVIDENCE ETC FILED O | AJA |
| 07/28/2010 | 5:27:40 | JEORDE | ORDER GENERATED FOR OTHER - NEWLY DISCOVERED EVIDENCE ETC - RENDERED & ENTERED: 7/28/2010 5:27:40 PM - ORDER | J |
| 07/28/2010 | 5:27:40 | ETXT | ORDER GENERATED FOR OTHER - NEWLY DISCOVERED EVIDE | AJA |
| 07/28/2010 | 5:48:11 | JEORDE | ORDER - TRANSMITTAL | RPS |
| 07/28/2010 | 5:48:11 | ETXT | ORDER - TRANSMITTAL | AJA |
| 08/03/2010 | 2:35:48 | EMOT | MOTION - TRANSMITTAL | PRI044 |
| 08/03/2010 | 2:35:48 | ETXT | MOTION - TRANSMITTAL | AJA |
| 08/03/2010 | 2:35:52 | EMOT | D001-WITHDRAW FILED. | PRI044 |
| 08/03/2010 | 2:35:52 | ETXT | D001-WITHDRAW FILED. | AJA |
| 08/03/2010 | 3:30:05 | EMOT | D001-WITHDRAW /DOCKETED | NOC |
| 08/03/2010 | 3:30:05 | ETXT | D001-WITHDRAW /DOCKETED | AJA |
| 08/05/2010 | 11:45:13 | ENOTA | NOTICE OF APPEARANCE E-FILED | ROB113 |
| 08/05/2010 | 11:45:13 | ETXT | NOTICE OF APPEARANCE E-FILED | AJA |
| 08/05/2010 | 11:45:59 | ENOTA | MISCELLANEOUS - TRANSMITTAL | ROB113 |
| 08/05/2010 | 11:45:59 | ETXT | MISCELLANEOUS - TRANSMITTAL | AJA |
| 08/05/2010 | 11:46:18 | ATTY | LISTED AS ATTORNEY FOR D001: ROBINSON MINDI CHERE | |
| 08/05/2010 | 5:01:22 | JEORDE | ORDER GENERATED FOR WITHDRAW - RENDERED & ENTERED: 8/5/2010 5:01:22 PM - ORDER | J |
| 08/05/2010 | 5:01:22 | ETXT | ORDER GENERATED FOR WITHDRAW - RENDERED & ENTERED: | AJA |
| 08/05/2010 | 5:02:00 | JEORDE | ORDER - TRANSMITTAL | RPS |
| 08/05/2010 | 5:02:00 | ETXT | ORDER - TRANSMITTAL | AJA |
| 08/06/2010 | 7:29:26 | ANSW | ANSWER OF MOTION DISMIS ON 02/05/2010 FOR D001 | NOC |
| 08/06/2010 | 7:29:53 | D001 | D001 ADDR1 CHANGED FROM: 1587 NORTHEASE EXPRESSWAY | NOC |
| 08/06/2010 | 7:29:54 | D001 | D001 ADDR CITY CHANGED FROM: ATLANTA          (AV02) | NOC |
| 08/06/2010 | 7:29:55 | ATTY | LISTED AS ATTORNEY FOR D001: ROBINSON MINDI CHERE | NOC |
| 09/07/2010 | 2:02:00 | EMOT | C001-SUMMARY JUDGMENT FILED ON 9/3/2010. | CAC |
| 09/07/2010 | 2:02:00 | ETXT | C001-SUMMARY JUDGMENT FILED ON 9/3/2010. | AJA |
| 09/28/2010 | 4:12:10 | JEORDE | ORDER GENERATED FOR SUMMARY JUDGMENT - RENDERED & ENTERED: 9/28/2010 4:12:10 PM - ORDER | JA |
| 09/28/2010 | 4:12:10 | ETXT | ORDER GENERATED FOR SUMMARY JUDGMENT - RENDERED & | AJA |
| 09/28/2010 | 4:12:28 | JEORDE | ORDER - TRANSMITTAL | RPS |
| 09/28/2010 | 4:12:28 | ETXT | ORDER - TRANSMITTAL | AJA |
| 12/03/2010 | 6:59:50 | EMOT | C001-OTHER - PLTFFS MOTIOJ FOR CIRCUIT COURT AND ITS JUDGES TO RECUSE THEMSELVES FILED ON 12/2/2010. | NOC |
| 12/03/2010 | 6:59:50 | ETXT | C001-OTHER - PLTFFS MOTIOJ FOR CIRCUIT COURT AND I | AJA |
| 02/14/2011 | 1:51:00 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 2/14/2011 1:51:00 PM | JA |
| 02/14/2011 | 1:51:00 | ETXT | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & | AJA |

"HEARING ON MOTION FOR TRO & PRELIMINARY INJUNCTION SET FOR THURS. FEB 11,2010
AT 2:00PM IN COURTROOM 8100, JUDGE RODERICK P. STOUT"

ORIGINAL

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-10-160 |
|---|---|---|

IN THE _____ CIRCUIT _____ COURT OF _____ MOBILE _____ COUNTY

Plaintiff _____ BERNICE MUHAMMAD _____ v. Defendant  HSBC BANK USA, NATIONAL
ASSOCIATION, et al.

NOTICE TO _____ HSBC Bank USA, c/o Hon. Joel Freedman, Attorney at Law
1587 Northeast Expressway, Atlanta, Georgia 30329

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Bernice Muhammad _____ WHOSE
ADDRESS IS _____ 255 Cherokee Street, Mobile, Alabama 36606

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___ 30 ___ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐  You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

☐  Service by certified mail of this summons is initiated upon the written request of _____
pursuant to the Alabama Rules of Civil Procedure.

Date FEB - 3 2010     _Jojo Schwarzauer VH_     JoJo Schwarzauer, Circuit Clerk
                                         Clerk/Register          MOBILE COUNTY-CIVIL DIVISION
                                                                 Mobile Government Plaza, Room C936
                                                                 205 Government Street
                                                                 Mobile Alabama 36644-2936

☐  Certified Mail is hereby requested.

                                                 Plaintiff's/Attorney's Signature _____

| U.S. Postal Service | |
|---|---|
| CERTIFIED MAIL RECEIPT<br>(Domestic Mail Only; No Insurance Coverage P...) | |
| For delivery information visit our website at www.usps.com | |
| **OFFICIAL USE** | |
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | Postmark<br>Here |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |
| Sent To  HSBC BANK USA | |
| Street, Apt. No;<br>or PO Box No. | |
| City, State, ZIP+4 | |

on _____
                                    (Date)
nons and Complaint to _____
                                    _____ County,


Server's Signature _____

Address of Server _____


Phone Number of Server _____

**"B"**



## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MUHAMMAD BERNICE,        )
             Plaintiff,    )
                        )
        V.             )    **Case No.:** CV-2010-000160.00
                        )
HSBC BANK USA NATIONAL    )
ASSOCIATION AS TRUSTEE FOR,  )
             Defendant.    )

## ORDER

This case is set for hearing on Plaintiff's Motion for Preliminary Injunction on February 11, 2010 at 2:00PM in Courtroom 8100.

DONE this 4th day of February, 2010.

                       /s JUDGE RICK STOUT

                       CIRCUIT JUDGE



ELECTRONICALLY FILED
2/8/2010 1:26 PM
CV-2010-000160.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MUHAMMAD BERNICE,                          )
                  Plaintiff,         )
                                    )
                V.                          )       **Case No.:**  CV-2010-000160.00
                                    )
HSBC BANK USA NATIONAL                     )
ASSOCIATION AS TRUSTEE FOR,                )
                  Defendant.        )

## ORDER

    This matter is transferred to Judge Stout's docket. The Clerk of Court is requested to make the necessary changes to reflect this transfer.

DONE this 8th day of February, 2010.

                                /s SARAH HICKS STEWART
                                       ——————————————

                                CIRCUIT JUDGE



ELECTRONICALLY FILED
2/8/2010 1:24 PM
CV-2010-000160.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MUHAMMAD BERNICE,                          )
                   Plaintiff,     )
                                   )
           V.                          )      **Case No.:** CV-2010-000160.00
                                   )
HSBC BANK USA NATIONAL                     )
ASSOCIATION AS TRUSTEE FOR,                )
                   Defendant.     )

## ORDER

This case has been transferred to Judge Stout's docket by agreement between the undersigned and Judge Stout. Defendant will need to notify Judge Stout of the pendency of this motion so that he may set it for hearing.

DONE this 8th day of February, 2010.

                                 /s SARAH HICKS STEWART

                                 CIRCUIT JUDGE

"C"

STATE OF ALABAMA

COUNTY OF MOBILE

### AFFIDAVIT

Before me, the undersigned authority in and for said State and County, personally appeared Dwanna K. Allen, who by me on oath, doth depose and say as follows:

I, Dwanna K. Allen, am a resident citizen of the State of Alabama and over the age of nineteen (19).  I am in the employ of Creola G. Ruffin, Attorney at Law.

In the course of a regular business day on or about February 3, 2010, I faxed a Complaint for Temporary Restraining Order or in the Alternative Preliminary Injunction to Ms. Chiquita Jones, Legal Assistant with Johnson and Freedman, Attorneys representing HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc. Mortgage Loan Asset – Backed Certificates, Series 2002 – HEI, the Defendants, for Bernice Muhammad, the Plaintiff, which totaled 72 pages, plus an additional 72 pages concurrently for Ms. Muhammad.

DWANNA K. ALLEN

Subscribed and sworn to before me on this the 23rd day of August 2011.

NOTARY PUBLIC
My Commission Expires:  10/30/2011

STATE OF ALABAMA

COUNTY OF MOBILE

<u>AFFIDAVIT</u>

My name is Creola Gibby Ruffin and I am a licensed practicing attorney, licensed to practice law in the State of Alabama. I am over the age of nineteen (19).

On or about February 3, 2010, I received a telephone call from Bernice Muhammad at approximately 3:30 p.m. who was in the office of Mobile County Circuit Judge Roderick P. Stout. I heard Judge Stout say to his clerk, "Call the attorneys on the case and tell them that a TRO has been issued and a hearing will be set for February 11, 2010 for the injunction." He then told Ms. Muhammad to go back upstairs and make sure that a copy would be sent by the court to the defendant and make sure that you, meaning Ms. Muhammad, send a copy to the defendant, which according to his secretary was done. I know this because I have been in Judge Stout's courtroom on numerous occasions and have heard him speak.

Further, this Affiant sayeth naught.

_____
AFFIANT

STATE OF ALABAMA

COUNTY OF MOBILE

Before me, the undersigned authority, a Notary Public, in and for said State and County, on this day personally appeared CREOLA GIBBY RUFFIN, who, being known by me and being by me first duly sworn, doth depose and say that the matters and things set forth in the above and foregoing instrument, are true and correct according to the best of her knowledge, information and belief.

Subscribed, sworn to and acknowledged before me this 23rd day of August 2011.

_____
NOTARY PUBLIC
My Commission Expires: _10/30/2011_

**"D"**

ELECTRONICALLY FILED
6/16/2009 1:52 PM
CV-2009-000149.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BERNICE MUHAMMAD,          *

  Plaintiff,          *

          *

vs.          *  CASE NO. CV-09-000149

          *

HSBC BANK USA, N.A.,          *

          *

  Defendants          *

### ORDER

  THE COURT, having heard oral arguments from counsel and having reviewed the

documents submitted in this matter hereby DISMISSES this matter WITH PREJUDICE as

to each and every matter alleged therein.  Said matter is to be dismissed as res judicata

as per the multiple Bankruptcy dismissals and because there is no foreclosure for the

Court to enjoin.

        _____ 6/16/09

        RODERICK P. STOUT

        CIRCUIT COURT JUDGE

        MOBILE COUNTY, ALABAMA

**"E"**



# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MUHAMMAD BERNICE,                    )
               Plaintiff,      )
                                 )
        V.                      )      Case No.:  CV-2010-000160.00
                                 )
HSBC BANK USA NATIONAL               )
ASSOCIATION AS TRUSTEE FOR,          )
               Defendant.      )

## ORDER

   On February 3, 2010, Plaintiff filed a complaint in this Court seeking a temporary restraining order and injunction against the Defendant. On February 5, 2010, the Defendant filed a motion to dismiss, noting that on January 29, 2010 the Plaintiff had filed an identical complaint in the United States District Court for the Southern District of Alabama. The Defendant further noted that on February 3, 2010, the federal court entered an order denying Plaintiff's requested relief. On February 11, 2010, this Court held a hearing on Plaintiff's complaint and Defendant's motion to dismiss, and based on the pleadings and arguments, Defendant's motion to dismiss is GRANTED.

Costs are taxed as paid.

DONE this 1st day of March, 2010.

                                     /s MICHAEL A YOUNGPETER

                                     CIRCUIT JUDGE



ELECTRONICALLY FILED
2/5/2010 1:52 PM
CV-2010-000160.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BERNICE MUHAMMAD,                              *
                                              *
    **Plaintiff,**                           *
                                              *
VS.                                           *   **CASE NO. CV-10-160**
                                              *
HSBC BANK USA, N.A., et al.                   *
                                              *
    **Defendants**                          *

### MOTION TO DISMISS

    COMES NOW, Prince, McKean, McKenna & Broughton, and in the above-styled cause, hereby files this Motion to Dismiss based on her failure to state a claim upon which relief can be granted and because she is not likely of ultimate success on the merits. In support hereof Defendant HSBC BANK USA, N.A. (HSBC) states as follows:

1.    Since counsel for Defendant has become involved in this specific litigation the Plaintiff has consistently argued, among other unsupported arguments, that Defendant is the not the proper party to conduct a foreclosure on her property. This argument has been made both in the Circuit Court of Mobile County in CV-09-149 and in the United States District Court for the Southern District of Alabama in 1:09 CV-53-KD-C. A virtually identical pleading to the one before the Court in this matter was filed in Federal Court on January 29, 2010 and is styled BERNICE MUHAMMAD v. HSBC BANK USA, N.A. et al., 1:10 CV-54-WS-B. (See Exhibit 1). Plaintiff is, and has been attempting to stop the Defendant HSBC from foreclosing on her home.

2.    This Honorable Court dismissed CV-09-149 based on the virtually the same claims being simultaneously brought in 1:09 CV-53-KD-C last year. The dismissal of 1:09

CV-53-KD-C is currently on appeal to the 11th Circuit Court of Appeals in Atlanta.

3.  The Plaintiff has again filed a virtually identical pleading in both State and Federal Courts.   Undersigned counsel appeared before Judge William Steele on Wednesday, February 3, 2010 to argue against the Plaintiff's "Complaint" which was a request for a TRO or for a Preliminary Inunction.  Plaintiff appeared Pro Se with her son.

4.  Judge Steele entered an order on February 3, 2010 denying the Plaintiff's request. (See Exhibit 2).

5.  The foreclosure took place as scheduled on February 4, 2010.

6.  Defendant adopts and incorporates by reference Exhibit 2 and seeks the Court's immediate dismissal of this matter.

FURTHER DEFENDANT SAYETH NOT.


Respectfully submitted by:


/s/ RITCHIE PRINCE
J. RITCHIE M. PRINCE  (PRINJ1903)
Counsel for H.S.B.C. BANK USA, N.A.

/s/ DENNIS McKENNA
DENNIS McKENNA  (MCKED3744)
Counsel for H.S.B.C. BANK USA, N.A.


OF COUNSEL:
PRINCE, McKEAN, McKENNA & BROUGHTON, L.L.C.
P O Box 2866
Mobile, AL 36652
Tel: (251) 433-5441
Fax: (251) 431-0159
Email: rp@princemckean.com
        dm@princemckean.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 5th day of February 2010, served a copy of the foregoing pleading unto counsel for all parties to this proceeding by mailing same by United States Mail, properly addressed and postage fully prepaid, as follows:

BERNICE MUHAMMAD
255 Cherokee Street
Mobile, Alabama 36606

/s/ RITCHIE PRINCE
J. RITCHIE M. PRINCE

"F"

"G"

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
(NOTICE OF PLEADING RULE 70A (f) DISQUALIFICATION OF THE CIRCUIT COURT)

### CASE NO: CV- 2010-000160-00

BERNICE MUHAMMAD-DEFENDANT-PLAINTIFF' PRO SE BRINGS' THIS MOTION TO THE

CIRCUIT COURT OF MOBILE, ALABAMA:

THIS CIRCUIT COURT HAS JURISDICTION OVER ALL FORCLOSURE IN MOBILE COUNTY,

THERE ARE ACTORS IN SAID LAWSUIT THAT ARE JUDGES IN BOTH CRIMINAL AN CIVIL CIRCUIT

COURT, THEREBY, CAUSING THE PLAINTIFF'-DEFENDANT TO REQUEST THAT THIS CIRCUIT

COURT RECUSE ITSELF, IN THE NAME OF JUSTICE, AND RECUSE ITS SELF AS JUDGES, AND

APPOINT A SPECIAL MASTER.

BECAUSE THERE IS AN INABILITY TO RENDER A FAIR AND IMPARTIAL DECISION,

PLAINTIFF'-DEFENDANT DO HEREBY REQUEST THAT SAID CIRCUIT COURT OF MOBILE COUNTY

APPOINT AND DESIGNATE A SPECIAL MASTER THAT IS ASSIGN YET, FROM A DIFFERENT CIRCUIT

COURT IN ALABAMA, IN WHICH WOULD GIVE A CONSTITUTIONAL POWERS TO ACT IN A

PARTICULAR MATTER SUCH AS THESE CASES MS. MUHAMMAD'S AT BAR PENDING.

THE PLAINTIFF'-DEFENDANT HAS BEEN INJURY AND DEPRIVED OF FEDERAL AN STATE

CONSTITUTIONAL RIGHTS; MS. BERNICE MUHAMMAD WAS INJURED BY THE NAMED JUDGES IN

THIS LAWSUIT, THE ACTION BY THE NAMED JUDGES PLAYED WITH THE HOME OF THE

PLAINTIFF'-DEFENDANT, AND THE RULES SET BY THE ALABAMA LEGISLATURE, AND THE

CREATION OF ITS LAWS, IN WHICH HAS BEEN PASSED.

THE CONDUCT OF THESE JUDGES INVOLVES GROSS DISRESPECT DIRECTED TO THE

PLAINTIFF'-DEFENDANT, WHEN ALL THE PLAINTIFF'-DEFENDANT ASKED FOR WAS FOR THE

1

OTHER SAID TO PROVE THERE STANDING IN THE PLAINTIFF'-DEFENDANT HOME, IN WHICH, A
TRO WAS ISSUED, AND THE OTHER SAID STILL FORCLOSED ON THE HOME. THIS WAS DONE
WITHOUT ANY DOCUMENTS, JUST AN ASSIGNMENT OF MS. MUHAMMAD MORTGAGE TO
HASBC BANK AS TRUSTEE FOR MERRILL LYNCH MORTGAGE, INVESTOR, ET AL, AMERICAN
HOME MORTGAGE SERIVICING, INC. AS THE PURPORTED "SUCCESSOR" IN INTEREST TO OPTION
ONE MORTGAGE CORPORATION" IN WHICH WAS NOT EXECUTED UNTIL DECEMBER 31, 2008,
EIGHT MONTHS AFTER THE AGREEMENT BY OPTION ONE MORTGAGE & SERVICING
CORPORATION ASSIGNMEMT, AND TWO YEARS AND TWO MONTH'S AFTER THE CLOSING OF
THE LOAN; IN WHICH WAS CLOSED ON JULY 30, 2002.

THE ASSIGNMENT OF THE DEFENDANTS SHOWS, A JUDGE WILL NEED TO INVESTIGATE
AND EXPLORING WHETHER THERE IS STANDING, AND IF THE PLAINTIFF'-DEFENDANTS HSBC
BANK AS TRUSTEE FOR MERRILL LYNCH MORTGAGE, INVESTORS, HAS STANDING TO
FORECLOSE ON MS. MUHAMMAD HOME, OR HAVE BORKEN THE LAW WHEN USING
FRAUDULENT DOCUMENTS; TO FORECLOSE ON MS. MUHAMMAD'S HOME PLACE, FEBRUARY
4TH, 2010.

MS. MUHAMMAD MORTGAGE HAS BEEN IMPROPERLY SERVICED, MERRILL LYNCH
MORTGAGE WAS RESCUE BY THE PEOPLE OF THE UNITED STATES, AND ANY JUDGE WOULD
ASK, WERE IS BANK OF AMERICA IN THIS CASE? THIS IS A FLAWED FORECLOSURE & ALL
DOCUMENTS, IN WHICH ARE IMPROPER PRACTICES, NO JUDGE WOULD PREMIT SUCH
PRACTICES IN THERE COURTROOM, WHEN THERE COULD BE VIOLATIONS OF STANDING LAWS.

THIS IS WHY, BERNICE MUHAMMAD THE PLAINTIFF'-DEFENDANT ASK TO HAVE THIS
CIRCUIT COURT OF MOBILE TO RECUSE ITSELF, FOR THERE MUST BE A JUDGE IN ALABAMA

2

THAT CAN REVIEW THE DOCUMENTS, AND DETERMIN WHETHER HSBC BANK HAS STANDING AS

A TRUSTEE, WITH THE PAPERWORK TO BE SUBMITTED THROUGH DISCLOSURE, ESPECIALLY

HIDDEN SECRET INFORMATION OF HSBC BANK U.S., N.A.

OPTION ONE MORTGAGE IS AN INDEPENDENT MORTGAGE CORPORATION, IN WHICH IS

OUT OF BUSINESS, HSBC BANK IS NOT INDEPENDENT, IT IS UNDER U.S. BARKING SYSTEM OF

THE U.S, AND ALABAMA BAKING LAWS. MERRILL LYNCH MORTGAGE INVESTORS, INC., MERRILL

LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE –BACKED NOTES, IN WHICH ARE NOT

INDEPENDENT; MERRILL LYNCH MORTGAGE LENDING, INC., IS A SELLER AN COMPANY THAT

HAS BEEN SELLING ON WALL STREET FOR MENY YEARS, AND HAS THE ABILITY TO MAKE

KNOWN ALL OF ITS ASSISTS AND WERE THY ARE AND HELD, AND THE WHERE ABOUT OF SERIES

2002-HEI.

THERE MUST BE JUDGES READY TO LET THESES MORTGAGE COMPANIES AND THESE

LAW FIRM'S INVOLVED IN THE FORECLOSURE PROCESS KNOW THERE IS A PRICE TO PAY FOR

COMING INTO THERE COURTROOM WITH FRAUDULENT DOCUMENTS TO FORECLOSE ON

HOMES; A JUDGE, TO MAKE SURE AN ENSURE THAT NO CRIMES ARE COMMITTED IN

FORECLOSURE PRACTICES IN THERE COURTROOM.THE COURTS SHOULD BE INSURING THAT NO

BORROWER, LOSES THEIR HOME AS A RESULT OF A MISTAKE OR CRIMINAL BEHAVIOR BY ANY

LENDER

THE SECURITIES AND EXCHANGE COMMISSION HAS OPENED AN INFORMAL INQUIRY

INTO POSSIBLE WRONGDOING RELATED TO FORECLOSURES. THIS CIRCUIT COURT SHOULD BE

3

REQUIRED TO TAKE STEPS THAT BORROWERS ARE NOT BEING HARM BY THE PROCEEDING'S OF

THE MORTGAGE COMPANY, AND ALL ASSIGNMENT, HOLDER'S, PRESENT HOLDER, AND TO BE

SURE NOT TO OVER LOOK THE PURCHASING AGREEMENT'S, MAKE SURE TO DETERMIN IF

INTEREST IN THE MORTGAGE WAS AMONG THE ASSETS PURCHASED BY THE MORTGAGE

COMPANY THE BANKS.

FOR THE ALL THE ABOVE REASONS, THE PLAINTIFF'-DEFENDANT REQUEST THE

DISQUALIFICATION OF THIS COURT; THIS CIRCUIT COURT MUST RECUSE ITSELF, IN THE NAME

OF JUSTICE, AND RECUSE ITS SELF AS JUDGES, AN APPOINT A SPECIAL MASTER. THE BIAS, THE

INABILITY TO RENDER A FAIR AND IMPARTIAL DECISION; WHEN A JUDGE CANNOT UPON HAS

OWN RULING, DETERMINE, AFTER GRANTEING A TRO, AND FIND'S, IT WAS NOT BINDING UPON

THE PARTIES TO THE ACTIONS, FOR THE OTHER PARTIES WERE NOT RESTRAINED, SOMETHING

IS WRONG, THEREFORE, THIS CIRCUIT COURT CANNOT GUARD AGAINST INJURY IN EMERGENCY

SITUATIONS THAT VIOLATE ALABAMA LAWS.

IN THE NAME OF JUSTICE, THIS COURT MUST APPOINT A SPECIAL MASTER. THE

THREE JUDGES VIOLATED THE RIGHTS OF MS. MUHAMMAD, IN DOING SO, THE JUDGES

VIOLATED THE MORAL PRINCIPLES GOVERNING THERE BEHAVIOR, IN WHICH IS CALL JUDICIAL

ETHICS.

**CIRCUIT COURT**
**JUDGE RICK STOUT**

ON FEBRUARY 3RD AN 4TH, 2010, JUDGE STOUT ISSUED A TRO, FEBRUARY 11TH, 2010,

WAS THE DATE SET FOR THE PRELIMINARY INJUNCTION (RULE 65 (a)), IN WHICH, A LAST

MINTED ILLNESS ACCORDED, WITHOUT NOTICE TO THE PLAINTIFF' MS. MUHAMMAD. THE

4

PLAINTIFF-MUHAMMAD APPEARED AT THE COURTROOM OF JUDGE STOUT, TO FIND OUT THAT

THE PLAINTIFF' NOW HAD TO GO TO THE NEXT DOOR COURTROOM OF JUDGE YOUNGPETER,

IN WHICH HAS NO KNOWNLGE OF SAID CASE. THESE ACTIONS BY JUDGE STOUT, VIOLATED

RULE 63 OF ALABAMA RULES OF CIVIL PROCEDURE. NO NOTICE OF **"TRANSFER"** FORM JUDGE

STOUT, NO **"CALL"** ALL INFORMATION NEEDED TO CONTACT WAS ON COUNT RECORDS.

ON FEBRUARY 29TH, 2009, JUDGE STOUT GRANTED A TRO TO THE PLAINTIFF' MS.

MUHAMMAD, AND ON JUNE 16TH, 2009, JUDGE STOUT DISMISSED THE INJUNCTION AGAINST

THIS SAME DEFENDANTS WITH PREJUDICE AS **RES JUDICATA,** AND STATED **"AS PER**

**THE MULTIPLE BANKRUPTCY DISMISSALS AND BECAUSE THERE IS NO FORECLOSURE FOR THE**

**COURT TO ENJOIN"** WHAT A STATEMENT **IN A ORDER,** JUDGE STOUT HAD NO PROOF OF THIS

STATEMENT MADE IN HIS ORDER. THERE HAS BEEN NO EVIDENCE BEFORE JUDGE STOUT TO

ENTER AS DISCOVERY, AND WERE NOT REVIEWED BY THE COURT OR ASK QUESTIONS

THROUGH INTERROGATORIES AND THEN, EXAMINING THE DOCUMENTS; THERE IS SOMETHING

VERY WRONG WITH THE WAY THIS JUDGE HAS ACTED, SINCE FEBRUARY 2009-2010, THE

CONDUCT IS AN UNRULY BEHAVIOR FOR ANY JUDGE, THIS ALSO, DISTURBS THE PEACE AND

SHOCKS THE PUBLIC MORALS AS TO, THE COURTS AND JUDGES ACTION:

**CIRCUIT COURT JUDGE**
**SARAH HICKS STEWART.**

JUDGE STEWART, DID AID AND ABET JUDGE STOUT IN SAID VIOLATIONS, IN WHICH

THE RECORDS WILL SHOW. THERE WERE TWO ORDERS BY JUDGE STEWART ON FEBRUARY 8TH,

2010, (DO NOT KNOW WHICH ORDER CAME FIRST) WAS SENT TO THE PLAINTIFF' MUHAMMAD,

STATING AN AGREEMENT BETWEEN THE JUDGES WAS DONE. THIS ACTION IS AFTER JUDGE

STOUT HAS ISSUED THE TRO, THIS SHOW'S, THERE IS SOMETHING IN THE CIRCUIT COURT

CLERK'S COMPUTER, IN WHICH ALL REQUEST OR MOTIONS GO TO JUDGE STOUT, THE NAME

BERNICE MUHAMMAD, AND HSBC BANK, THERE MUST BE AN INVESTIGATION INTO THIS

ACTION THAT IS STATED HERE BY MS.MUHAMMAD:

JUDGE STOUT DID NOT HAVE STATE COURT JURISDICTION TO ISSUE AN ORDER,

BASED ON JUDGE STEWART CONCEPTS IN HER ORDERS, THE ROUTING OF THE CASES WAS

ASSIGNED TO JUDGE STEWART ON FEBRUARY 3RD, 2010, THERE IS MUCH MORE HERE, THEN

JUST VIOLATIONS OF ALABAMA LAWS BY THE THREE JUDGES; BY USING THE ALABAMA

CONSTITUTIONAL ARTICLES AS A MAJOR GUIDE, ALONG WITH THE JUDGES OATH OF OFFICE,

AND THE CANONS OF JUDICIAL CODE OF CONDUCT; THESE ACTIONS FALLS OUTSIDE THE

BOUNDARIES OF THEIR JUDICIAL JOB DESCRIPTION:

**CIRCUIT COURT JUDGE**
**MICHAEL A. YOUNGPETER.**

JUDGE YOUNGPETER, RULING ON FEBRUARY 11TH, 2010, WAS IN VIOLATIONS OF

ALABAMA RULES OF CIVIL PROCEDURE, IN WHICH RULE 63, REQUIRED UPON THE JUDGE TO

CERTIFYING FAMILIARITY WITH THE RECORD AND DETERMINING THAT THE PROCEEDINGS IN

THE CASE MAY BE COMPLETED WITHOUT PREJUDICE TO THE PARTIES. THE JUDGE KNOWINGLY

IGNORED ALABAMA STATUTES AND RULES, AND NOT ONLY VIOLATED DUE PROCESS OF LAW,

BUT ALSO DENIED EQUAL PROTECTION UNDER ALABAMA & FEDERAL CONSTITUTIONAL LAWS

AND STATUTES OF RIGHTS OF MS. MUHAMMAD:

TO SHOW THAT THIS JUDGE HAD NO FAMILIARITY WITH THE RECORD, WHEN THE

JUDGE WAS TOLD BY THE DEFENDANTS, THAT THEY HAD FORECLOSE ON FEBRUARY 4TH, 2010,

AGAINST THE ORDER OF JUDGE STAOUT TRO ORDER, THERE IN IT SELF, PLACED SAID

DEFENDANTS IN VIOLATION OF ALABAMA RULE 70A. CONTEMPT (i) (ii), WHEN JUDGE

YOUNGPETER WAS TOLD," WE FORECLOSE ON "FEBRUARY 4TH, 2010," WITH THAT, THE

PLAINTIFF' WAS PREJUDICE, FOR THERE WERE NO REACTIONS TO THAT STATEMENT TO THE

COURT BY THE DEFENDANTS. PLAINTIFF' MUST ALSO STATE. "JUDGE YOUNGPETER WAS IN THE

MIDDLE OF A TRIAL, AND STOP, JUST TO DISMISS THE INJUNCTION HEARING OF THE

PLAINTIFF ON THE REQUEST OR BY MOTION OF THE DEFENDANTS":

THERE WAS NO DUE PROCESS, NO CONTEMPT ORDER, THE JUDGE JUST DISMISS

THE CASE, IN WHICH SHOWS, "ABUSE OF DISCRETION" IN WHICH WAS, INAPPROPRIATE, AND

INCONSISTENT WITH THE FACTS OF THE MATTER, AND NOT ACCORDING TO PRECEDENT OR

ESTABLISHED LAW FOR SUCH A CASE; ALSO "ABUSE OF PROCESS" USING THE COURTS AND

LEGAL PROCESS FOR SOME IMPROPER PURPOSE, SUCH IS THESE CASES OF MS. MUHAMMAD.

## THERE PREJUDICES AND GOALS.

THAT FAILURE TO FOLLOW GUIDELINES, MAKE THE JUDGES ACTS NO LONGER A

JUDICIAL ACT, BUT AN INDIVIDUAL ACT, THAT REPRESENTS THEIR OWN PREJUDICES AND

GOALS; CASE LAW HAS SHOWN THAT, CIRCUIT COURT JUDGE "HERMAN THOMAS" VIOLATED

THESE VERY SAME CANONS, AND WAS DISMISSED AS A JUDGE, JUDGE YOUNGPETER, NOW

SETS IN THAT VERY COURTROOM TODAY, AND HAS VIOLATED THAT SAME ALABAMA JUDICIAL

CONON OF CONDUCT, AS WELL JUDGE STEWART, AND JUDGE STOUT, THESE THREE JUDGES

ACTIONS, HAVE VIOLATED THE LAW, AND HAVE NOT FOLLOWED THE LAW. THEREFORE, ALL

ORDERS MUST BE VOID, FORE THESES THREE JUDGE LOST SUBJECT MATTER JURISDICTION

7

AND THE JUDGES ORDERS ARE VOID, OF NO LEGAL FORCE OR AFFECT.

THE ORDERS, IN WHICH WERE DENIED BY THESE TWO JUDGES STOUT AND YOUNGPETER, MUST BE SET ASIDE IN THE NAME OF JUSTICE, UNDER RULE 60 (b)(2)(3)(3) IN CASES NUMBER-CV-2010-000160-00, CV-2010-901795-00, MS. MUHAMMAD IS ENTITLED TO RELIEF FOR ALL DENIED ORDERS THESE JUDGES. THE JUDGES HAS BEEN ASKED TO RECUES THEMSELVES, UNDER THE STATED CIRCUMSTANCES, ARE OBLIGATED AS A MATTER OF LAW. BUT HAS NOT, AND CONTINUES RULING IN THESE CASES OF MS. MUHAMMAD, IN VIOLATIONS OF THE LAWS OF THE STATE OF ALABAMA:

WHEREFORE, TO THE EXTENT THERE ARE STATEMENTS OF FACTS IN THIS DOCUMENT, THEY ARE TRUE TO BEST OF MY KNOWLEDGE AND ARE MADE UNDER THE PENALTY OF PERJURY AND ALSO UNDER LAWS OF ALABAMA; THERE MUST BE AN APPOINTMENT OF A SPECIAL MASTER; THE REQUEST IS FOR JUDGE CHARLES PRICE PRESIDING IN THE FIFTEENTH CIRCUIT, OUT OF MONTGOMERY, ALABAMA:

Respectfully submitted

*Ms. Bernie Muhammad*

BERNICE MUHAMMAD
255 CHEROKEE STREET
MOBILE, ALABAMA 36606
(251) 680-6578

DATED: December 2, 2010

8

"**H**"



## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, )
         Plaintiff, )
             )
     V.        )    Case No.:  CV-2010-901795.00
             )
MUHAMMAD BERNICE, )
JONES DAVID, )
        Defendants. )

## ORDER

DEFENDANTS MOTION FOR CIRCUIT COURT AND ITS JUDGES TO RECUSE THEMSELVES filed by MUHAMMAD BERNICE is hereby GRANTED.

DONE this 3rd day of December, 2010.

/s CHARLES A GRADDICK

CIRCUIT JUDGE



# IN THE SUPREME COURT OF ALABAMA
## ORDER

## TO THE HONORABLE GEORGE K. ELBRECHT, DISTRICT JUDGE, MONROE COUNTY, ALABAMA

**IT APPEARING** that the judges of the 13th Judicial Circuit have recused themselves in the following-styled case pending on the docket of the Circuit Court of Mobile County:

**RE: In the Circuit Court of Mobile County, Alabama**

**HSBC Bank USA**

v.

**Bernice Muhammad and David Jones**

**Case No. CV-2010-901795**

**and it appearing** that the public good requires that a judge from outside the circuit be assigned to hear said case;

**THEREFORE,** pursuant to Article VI, Section 149, Constitution of Alabama 1901, as amended, it is directed that the above-styled case be assigned to you, and you are directed to preside as circuit judge in all matters concerning said case in said court, with full authority of a regular circuit judge of Mobile County, and your authority in the case is continuous until final disposition thereof. The Clerk of said Court is hereby directed to forward the file and all subsequent filings, in this case to the assigned Judge herein. Travel expenses as provided for by §§ 36-7-20 and 36-7-22, Code of Alabama 1975, will be reimbursed to Judge Elbrecht during assignment duties in this case.

**IT IS FURTHER DIRECTED** that this order be spread upon the minutes of the above-referenced court.

**ORDERED** at Chambers this the 14th day of December, 2010.

_____
**Sue Bell Cobb**
**Chief Justice**
**Alabama Supreme Court**

c:   Honorable Robert G. Esdale, Clerk of the Supreme Court
     Honorable Charles A. Graddick, Presiding Circuit Judge
     Honorable Jo S. Schwarzauer, Circuit Clerk
     Ms. Nancy Cowart, Court Administrator
     The clerk shall immediately send a copy of the file to the appointed judge, and notify
     the attorneys of record of this appointment.
     AOC File

# IN THE SUPREME COURT OF ALABAMA
## ORDER

### TO THE HONORABLE GEORGE K. ELBRECHT, DISTRICT JUDGE, MONROE COUNTY, ALABAMA

**IT APPEARING** that the judges of the 13th Judicial Circuit have recused themselves in the following-styled case pending on the docket of the Circuit Court of Mobile County:

### RE: In the Circuit Court of Mobile County, Alabama

#### Bernice Muhammad
v.
#### HSBC Bank USA

#### Case No. CV-2010-000160.00

and it appearing that the public good requires that a judge from outside the circuit be assigned to hear said case;

**THEREFORE,** pursuant to Article VI, Section 149, Constitution of Alabama 1901, as amended, it is directed that the above-styled case be assigned to you, and you are directed to preside as circuit judge in all matters concerning said case in said court, with full authority of a regular circuit judge of Mobile County, and your authority in the case is continuous until final disposition thereof. The Clerk of said Court is hereby directed to forward the file and all subsequent filings, in this case to the assigned Judge herein. Travel expenses as provided for by §§ 36-7-20 and 36-7-22, Code of Alabama 1975, will be reimbursed to Judge Elbrecht during assignment duties in this case.

**IT IS FURTHER DIRECTED** that this order be spread upon the minutes of the above-referenced court.

**ORDERED** at Chambers this the 13th day of September, 2011.

Charles R. Malone
**Chief Justice**
**Alabama Supreme Court**

c:     Honorable Robert G. Esdale, Clerk of the Supreme Court
Honorable Charles A. Graddick, Presiding Circuit Judge
Honorable Jo Schwarzauer, Circuit Clerk
Ms. Nancy Cowart, Court Administrator
The clerk shall immediately send a copy of the file to the appointed judge, and notify
the attorneys of record of this appointment.
AOC File

**"I"**

IN THE SUPREME COURT OF ALABAMA

CERTIFIED QUESTIONS

TO THE SUPREME COURT OF ALABAMA

CHIEF JUSTICE ROY MOORE

CLERK OF THE SUPREME COURT, JULIA JORDAN WELLER

ON AN ADMINISTRATIVE ORDER

THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

(Re:  HSBC BANK USA

VS.

BERNICE MUHAMMAD AND DAVID JONES

CASE NO.:  CV-2010-901795

AND

BERNICE MUHAMMAD

VS.

HSBC BANK USA

CASE NO.:  CV-2010-000160.00)

CERTIFIED QUESTION FROM DEFENDANT

BERNICE MUHAMMAD FROM

THE 13TH JUDICIAL DISTRICT OF MOBILE COUNTY, ALABAMA

---

## CERTIFIED FACTS

1. On February 3, 2010, Bernice Muhammad filed a Complaint

   in the 13th Judicial Circuit Court for a Temporary

Restraining Order or in the Alternative Preliminary Injunction, under ARCP, Rule 65(a) (b) to restrain Defendant, HSBC Bank USA from foreclosing on real property which was granted and a preliminary hearing was set for February 11, 2010 by Judge Stout.  The case was assigned to Judge Sarah Hicks Stewart and on February 9, 2010, the case was assigned to Judge Roderick P. Stout.

2. Judge Roderick P. Stout did not hear the case on February 11, 2010 and Plaintiff Muhammad was directed to the courtroom of Judge Michael A. Youngpeter without notice who dismissed the Complaint.

3. On September 3, 2010, the Plaintiff filed a Motion to Recuse Judge Michael A. Youngpeter who he himself denied the Motion.

4. On or about December 3, 2010, Plaintiff-Defendant Bernice Muhammad moved from the 13th Judicial Circuit Court and its Judges Recuse themselves and submitted the same to the Supreme Court of Alabama to appoint an outside Judge citing misconduct by said Court.

5. On December 3, 2010, presiding Judge Charles Gaddick of the 13th Judicial Circuit Court of Mobile County, Alabama, issued an Order, stating, "Defendants Motion for the Circuit Court and its Judges to Recuse themselves filed by Muhammad Bernice is hereby Granted (Exhibit A).

6. On December 14, 2010, the Supreme Court of Alabama, Chief Justice Sue Bell Cobb, Affirmed the Order dated, December 3rd, 2010, of the Presiding Judge of the 13th Judicial Circuit Court, Judge Charles A. Graddick, under the Power of the Alabama Constitution 1901, as amended, pursuant to Article VI, Section 149 and issued its Order to send an outside Judge, because of the Motions and violation of Jurisdiction filed by Plaintiff-Defendant Bernice Muhammad.  Under and pursuant to Article VI, Section 149, of the Constitution of Alabama 1901, as amended, Chief Justice Sue Bell Cobb assigned the Hon. George K. Elbrecht, District Judge of Monroe County, Alabama, to said case.  The Chief Justice Sue Bell Cobb's Order also enforced and affirmed the Order by the 13th Judicial Circuit Court Presiding Judge Charles Graddick.

7. The Chief Justice Sue Bell Cobb, Order also directed the Clerk, the "Honorable Jo S. Schwarzauer, Circuit Clerk, is hereby directed to forward the file and all subsequent filings, in this case to the assigned Judge herein" (See Exhibit B).

8. Said Order "IT IS FURTHER DIRECTED that this order be spread upon the minutes of the above-referenced court." The Order also states:  "The Clerk shall immediately send a copy of the file to the appointed Judge, and notify the

Attorneys of record of this appointment. AOC File."
Travel expenses as provided by §§ 36-7-20 and 36-7-22,
Code of Alabama 1975, will be reimbursed to Judge
Elbrecht during assignment duties in this case." Judges
and the Circuit Court Clerks are the "Center and Root" of
the Case CV-2010-00-160 and CV-2010-901795. On September
13, 2011, Charles R. Malone Chief Justice of the Alabama
Supreme Court issued his Order, to assigned Hon. Judge
Elbrecht hereto the same in CV-2010-000-160 (See Exhibit
C).

9. The Circuit Court Clerk of Mobile County, Alabama
   continued reordering orders in violation of the
   Administrative Order of the Alabama Supreme Court without
   jurisdiction.

10. On or about August 13, 2015, the Mobile County Sheriff
    Department appeared at the home of the Plaintiff-
    Defendant Bernice Muhammad with an Order of Writ of
    Possession issued by the 13th Judicial Circuit Court Clerk
    in Case number CV-2010-901795.00 prepared on August 10,
    2015 and accompanied with a final order issued May 1,
    2011 of which that Court had no jurisdiction to issue
    (See Exhibit D).

11. On or about August 24, 2015, the Mobile County Sheriff
    Sam Cochran and his deputies again appeared at the home

of Defendant Bernice Muhammad without any documents and informed the Defendant that she could not re-enter her home and arrested her for "Obstructing Government Operations," Alabama Criminal Code 13A-10-2 (DC-2015-007716.00) (See Exhibit E).

## DISCUSSION

12.  Therefore, the "Jurisdiction" as to Mobile Circuit Court and Judges have not been remanded back to the Circuit Court of the 13 Judicial Circuit of Mobile County, Alabama.  Evidence presented by Plaintiff-Defendant, establish that the above Judges were personally biased towards the Plaintiff-Defendant Muhammad.  The general rule is that there is a presumption that a Judge is qualified and unbiased and a person who alleges otherwise has the burden of proving grounds for his allegation.  Murphy v. State, 455 So. 2D 924 (Crim. App. 1984).  A reasonable man standard is used when evaluating whether a Judge should "Recuse" himself from a certain case.

13.  There is no Controlling legal precedent in this State, in which show a Case, where the "recused" Court and Judges are "Reinstated" after the Supreme Court Order Affirmed the Order by the Presiding Judge.  Alabama Law requires the automatic disqualification of a Court and

Judges under these above circumstances.  The arrest of
Defendant Muhammad, in in violation of the 1st Amendment;
4th Amendment; 5th Amendment; 8th Amendment; 14th Amendment.
To Arrest Defendant Muhammad, for stating "on what Order
are your acting?"  The Circuit Court and its Judges have
been Disqualified to act or issue any Order; why are you
searching the home and handbag of Ms. Muhammad without an
issued search warrant; why are you depriving Ms. Muhammad
of her property without due process of the law; this is
cruel action by the State of Alabama to Ms. Muhammad;
this is not equal protection or due process of the law,
and it is depriving Ms. Muhammad privileges of life,
liberty, and property without due process of law, and
denying anyone the equal protection of the law is a
Constitutional Violation of Rights by the Mobile County
Sheriff acting without documents or issued Order.
Arrested for asking questions, is by law
unconstitutional.  "Fraud upon the court" makes void the
orders and judgments of that court.  It is also clear and
well-settled in Alabama law that any attempt to commit
"fraud upon the Court" vitiates the entire proceeding.
Plaintiff Muhammad was and is a non-represented litigant
I the "civil cases in the Circuit Court of Mobile County.
The Circuit Court and Judges have disqualified

themselves, and therefore must not do any interference in the above cases, as set out in the Order on December 14th, 2010 issued by Sue Bell Cobb, Chief Justice of the Alabama Supreme Court, who fled her Order assigning the case CV-2010-901795 to the Hon George K. Elbrecht, District Judge, Monroe County, Alabama. The assigned Judge must rule to Strict Construction of the "order" by the Chief Justice of the Supreme Court of Alabama.

14. Considering the nature and the claims by Defendant-Plaintiff, it was not unexpected that on September 13, 2011, a second Administrative Order was issued by Chief Justice of the Alabama Supreme Court, Charles R. Malone, after it was noticed that the Motion was concerning case CV-2010-000-160. This case was also assigned to the Hon. George K. Elbrecht, District Court Judge of Monroe County, Alabama. The Administrative Order of the Chief Justice's "Reassign the cases to a Court and Judge outside of Mobile County," these Orders are issued on the Motion for the "Disqualification" of the Circuit Court and its Judges; once the Circuit Court and its Judges had "Recused themselves" in the following cases: CV-2010-000-160, and CV-2010-000-901795. These cases are ow under a Supreme Court's Administrative Order, and now an

Administrative Matter, which has not been reversed or remanded to the 13th Judicial District.

## CONCLUSION

For reasons stated above, criminal charges arising out of Civil Orders initiated by the Clerk of the 13th Judicial Circuit operating under an ."Order of Recusal" without jurisdiction is due to be dismissed.

The Judge of the District Court of the 13th Judicial District being unable to reach a unanimous conclusion without consulting Chief Judge Charles Graddick, recused, as to the interpretation of the Circuit Court Order to Recuse and the Administrative Order of the Alabama Supreme Court appointing a Judge outside of that Circuit is in question.

To ascertain or explain the meaning of the Order of Recusal and the Order of Chief Justice Sue Bell Cobb and Chief Justice Charles R. Malone, without venturing into legal intentions and consequences, the Supreme Court should be the interpreter.

There is no rule of appellate procedure to apply to this instance, not even Rule 18(a)(b);

Therefore pursuant to Article VI, Section 149, of the Constitution of Alabama, the Chief Justice of the Supreme Court of Alabama is the administrative head of the judicial system; and

Whereas, Section 12-2-30(b)(7). Code of Alabama 1975, authorizes and empowers the Chief Justice "to take affirmative and appropriate action to correct or alleviate any condition or situation adversely affecting the administration of justice within the state;" and

Whereas, Section 12-2-30(b)(8), Code of Alabama 1975 authorizes and empowers the Chief Justice "to take any such other, further or additional action as may be necessary for the orderly administration of justice within the state, whether or not enumerated in the law."

## WE HEREBY CERTIFY THE FOLLOWING QUESTIONS

1. Whether or not it is misconduct for the 13th Judicial Circuit to resume jurisdiction and remand itself back into matters whereby it was recused by its own Order and affirmed by the Chief Justices in Administrative Orders assigning an outside County and its Judge?

2. Whether or not the Clerk of the 13th Judicial Circuit have jurisdiction to prepare and issue an Order to be executed by the County Sheriff Department on cases assigned to a Curt outside of that County therefore showing bias?

3. Whether or not a disqualified Circuit Court and its Judges have jurisdiction to interpret an Administrative Order of the Supreme Court of Alabama?

4. Whether or not a lower Court in the 13th Judicial District may prosecute criminal charges arising out of civil cases assigned to a county outside of its circuit?

WHEREFORE the questions submitted in this Court is on the merits where the District Court Judge cited no authority for the District Court action, only an ex parte communication with the Disqualified Presiding Judge Graddick. The Defendant is requesting an answer to each question set out as "Certified" and prays that the Administrative Office of the Curt and the Chief Justice of the Supreme Court of Alabama filed an Administrative Order as an answer as to these certified questions are available.

Dated:   December 29, 2015

Respectfully submitted

*/s/ Creola G. Ruffin*

CREOLA G. RUFFIN          RUF003
Attorney for Plaintiff-Defendant
Post Office Box 40404
Mobile, Alabama 36640
(251) 478-4027 Phone
(251) 471-8695 Fax

## CERTIFICATION

STATE OF ALABAMA

COUNTY OF MOBILE

I, Creola G. Ruffin, attorney for Defendant Bernice Muhammad Brown in the Mobile County District Case numbered DC-2015-007716.00 and certify that the facts and question asked in her Certified Questions to Supreme Court Justice Roy Moore are true and correct to the best of her knowledge and the questions put forth therein are valid.

*/s/ Creola G. Ruffin*

Affiant
Post Office Box 40404
Mobile, Alabama 36640

Sworn to and subscribed before me this 29th day of December 2015.

*Dwanna K. Allen*

NOTARY PUBLIC
My Commission Expires:   10/31/2016