IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| BERNICE MUHAMMAD, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:17-cv-00379-SC |
| HSBC BANK USA, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

**I.    Introduction**

On January 25, 2018, this Court dismissed Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted and failure to comply with a Court order. (Docs. 44 & 45.) The next day, Plaintiff filed a 39-page pleading styled a "Complaint." (Doc. 46.) On February 2, 2018, she filed a 13-page pleading styled an "Opposition" to this Court's Memorandum of Opinion and Order of Dismissal. (Doc. 47.) For the following reasons, any relief Plaintiff seeks through these pleadings is due to be denied.

**II.    Discussion**

  **A.    Plaintiff's "Complaint"**

1

Prior to entry of judgment, Rule 15(a)(2) of the Federal Rules of Civil Procedure and applicable law provide a liberal standard for permitting amendments to complaints. After judgment is entered, that standard no longer applies. The plaintiff may seek leave to file an amended complaint after entry of adverse judgment only if the plaintiff first satisfies either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). For the reasons set out further in this opinion, Plaintiff has not satisfied the requirements of either of those rules. Because it was filed after entry of judgment in this case, Plaintiff's "Complaint" will not be considered by this Court.

Even assuming that Plaintiff filed her "Complaint" before receiving a copy of this Court's dismissal order, it will still not be considered by this Court as a legitimate pleading. A party may amend her pleading as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend [her] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may deny a motion to amend a complaint on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citation and quotations omitted). Here, Plaintiff's "Complaint"

was filed after the 21-day deadline at least with regard to most of the defendants, and Plaintiff has not sought leave to file it pursuant to Rule 15(a)(2).

In any event, the Court has reviewed Plaintiff's "Complaint," and it adds no new defendants and essentially seeks the same form of relief and makes the same accusations as her previous filings. It, also like her previous filings, is a shotgun pleading that is not presented in a manner that would enable any defendants to fashion a responsive pleading. As such, it is due to be dismissed for the same reasons that her Amended Complaint was dismissed as set out in this Court's Memorandum of Opinion and Order, regardless of whether it was timely-filed or not. Accordingly, insofar as Plaintiff is implicitly seeking to further amend her complaint in this action, that request is due to be denied on the grounds that amendment is futile. *See Maynard*, 342 F.3d at 1287.

### B. Plaintiff's "Opposition"

Mindful of Plaintiff's *pro se* status, the Court will treat Plaintiff's "Opposition" as a motion to reconsider under Rule 59(e) and/or Rule 60(b) of the Federal Rules of Civil Procedure. A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e). *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). A party may not use a motion for reconsideration to introduce additional facts or new theories of law not raised

prior to the entry of judgment or to litigate old matters. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Id.* (citation omitted). Plaintiff's "Opposition" does not show any new evidence or an error of law or fact committed by this Court in its earlier dismissal of her action.

Rule 60(b)(6) allows relief from judgment or order for any reason justifying relief. *See Cano v. Baker*, 435 F.3d 1337, 1339-40 (11th Cir. 2006). Plaintiff's pleading does not present to the Court the kind of extraordinary circumstances that would justify relief from judgment under the Rule. Plaintiff's motion simply reasserts the accusations and statements she made in her Amended Complaint.

### III. Conclusion

For the foregoing reasons, to the extent Plaintiff's "Complaint" and "Opposition" (docs. 46 & 47) can be construed as motions to amend her complaint and/or reconsider this Court's dismissal of this action, they are both hereby **DENIED.**

**DONE** AND **ORDERED** ON FEBRUARY 14, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

4